SNR Holdings, Inc., as Sole Stockholder of Newfoundland Refining Company Limited and Provincial Refining Company Limited, et al., Appellants, v Ataka America, Inc., et al., Respondents.

First Department, November 30, 1976

*Richard De Y. Manning* of counsel *(Manning, Carey & Redmond,* attorneys), for appellants.

*Kurt Koegler* of counsel *(Peggy L. Kerr* with him on the brief; *Skadden, Arps, Slate, Meagher & Flom,* attorneys), for Ataka & Co., Ltd., and others, respondents.

*Jeffrey A. Barist* of counsel *(White & Case,* attorneys), for Clarkson Company Limited, respondent.

*Mark D. Lebow* of counsel *(Charles R. Stevens* with him on the brief; *Coudert Brothers,* attorneys), for Sumitomo Bank, Ltd., respondent.

*Stuart A. Summit* of counsel for Province of Newfoundland and Labrador, respondent.

*Per Curiam.* Provincial Refining Company Limited (PRC) owns and operates an oil refinery at Come-By-Chance, Newfoundland, and by contract is supplied crude oil by Newfoundland Refining Company Limited (NRC) at its cost. On September·20, 1973, when the refinery was under construction, NRC, acting for itself and PRC, executed separate but identical agency and supplemental agreements appointing Ataka America, Inc. (Ataka America) and its Japanese parent company Ataka & Co., Ltd. (Ataka) as exclusive purchase and sale agents for all the crude oil contracted by NRC with its suppliers to sell to PRC. The agreements, which provided for the financing of the oil refinery operations for a period of years, were to be construed in accordance with the laws of New York and any disputes were to be submitted for determination to the New York courts.

Problems arose in starting up and operating the refinery and the financing requirements far exceeded those contemplated at the inception of the relationship. Between 1973 and 1975 over five hundred million dollars in financing was advanced by Ataka America, a substantial portion of which was unsecured. As the work progressed, other creditors became involved with NRC and PRC and, on October 23, 1975, one of these, First National Bank of Chicago, declared a default and moved to secure itself fully. The default was cured by Ataka America's arranging for the necessary payment and its taking over the position of the bank.

Thereafter, on December 31, 1975 and January 30, 1976, Ataka America assigned all of its interest in and claims against NRC and PRC to defendant Atlantic Trading (Delaware) Corp. (Atlantic), a newly formed subsidiary. Approximately two weeks after the assignments, Atlantic filed petitions in the Supreme Court of Newfoundland to have NCR and PRC declared bankrupt. Clarkson & Co. Limited (Clarkson) was initially appointed as interim receiver, and later, on March 12, 1976, when NRC and PRC were adjudicated bankrupt, Clarkson was appointed trustee in bankruptcy by the Newfoundland court.

Prior to the adjudication of bankruptcy, SNR Holdings, Inc. as sole stockholder of NRC and PRC, both of which are Newfoundland corporations doing business in New York, commenced the present action on their behalf. The first six causes of action are derivative in nature and charge Ataka America and Ataka with breaches of the agency agreements and conspiracy to cause wrongful payments, etc. All defendants are

alleged to have conspired to breach the agency agreements; to have wrongfully invoked the jurisdiction of the Newfoundland court in violation of the forum selection provision in the agreements; to have converted funds of NRC and PRC; and, to have caused wrongful payments of such funds.

After its appointment as trustee, Clarkson moved to be substituted as plaintiff in this action and such motion was granted by Special Term without a consideration of the merits, the court accepting as controlling the determination of the Federal District Court in another case between these parties, wherein that court recognized Clarkson as trustee and directed that all of the bankrupts' books and records be turned over to Clarkson. That determination has now been affirmed by the United States Court of Appeals for the Second Circuit in its decision filed November 1, 1976 in *Clarkson Co. v Shaheen* (544 F2d 624).

The question of whether Clarkson's status as trustee in bankruptcy should be given recognition in our State courts depends upon principles of comity. Generally, comity is extended when the foreign court has jurisdiction over the parties and recognition of its actions would not menace public welfare or violate "some fundamental principle of justice, some prevalent conception of good morals, [or] some deep-rooted tradition of the common weal." *(Loucks v Standard Oil Co.,* 224 NY 99, 111.)

There may be some merit to plaintiffs' contention that the claims asserted by Atlantic in Newfoundland were champertous, since it may fairly be concluded that the creation of Atlantic and the assignment of Ataka America's interest and claims to it had the sole objective of ridding Ataka America of its bad debts. Atlantic certainly would not have burdened itself with such obligations unless it could realize some benefit by suits thereon in order to reduce its claims to judgment (cf. *Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 329-330; Judiciary Law, § 489). This it moved expeditiously to do two weeks after the assignment was completed. However, even if the assignment were deemed champertous, and we do not now so hold, it must be acknowledged that Atlantic was not solely responsible for Clarkson's designation as trustee, since there were other creditors, including the Province of Newfoundland, all of whom affected or played some role in the designation. Thus, at this stage of the action, there is no taint or fraud shown with regard to Clarkson's

appointment or status so as to preclude our recognition of Clarkson as the validly appointed trustee in bankruptcy of PRC and NRC.

Our law provides that if a receiver is appointed for a party, or a corporate party is dissolved, the court shall order substitution of the proper parties (CPLR 1017). For the purpose of applying the section here, no difference exists between a receiver and a trustee in bankruptcy. Generally, a trustee at his election may be substituted as plaintiff for he represents the interests of the bankrupt and should be free to adopt a course most advantageous to the estate. *(Meyer v Fleming,* 327 US 161, 168.) In the instant case, Clarkson has been named a party defendant and charged in the pleadings with participating in actions which are contrary to the interests of NRC and PRC. While no misconduct has been proven, at this stage of the action, it appears from the pleadings that there is a possible conflict of interest which, if established, would make impossible that undivided loyalty requisite for the protection of the bankrupts' interests. (See, generally, *Barr v Wackman,* 36 NY2d 371, 379; *Ripley v International Rys. of Cent. Amer.,* 8 AD2d 310, affd 8 NY2d 430; *Brinckerhoff v Bostwick,* 88 NY 52, writ of error den 106 US 3.) If Clarkson's joinder as party defendant is improper, that matter can be easily corrected by resort to the proper procedures. However, in the present posture of the pleadings Clarkson could not reasonably be expected to sue or enter a judgment against itself, although it could possibly intervene or be joined as a party plaintiff.

Accordingly, the order entered April 26, 1976, in the Supreme Court, New York County (TYLER, J.) which, *inter alia,* granted the motion of Clarkson & Co., Limited to be substituted as plaintiff in the various causes of action alleged in the complaint, should be modified on the law so as to reverse, and deny the motion with respect to the first six causes of action because of a possible conflict of interest. Such motion should also be denied with respect to the seventh cause of action because such cause is not brought by the adjudicated bankrupts, but rather by Shaheen Natural Resources Company, Inc. on its own behalf for an alleged breach of certain contractual agreements. As so modified the order is otherwise affirmed with a single bill of costs to plaintiffs-appellants.

STEVENS, P. J., MARKEWICH, BIRNS and LANE, JJ., concur.

Order, Supreme Court, New York County entered on April

26, 1976, unanimously modified, on the law, so as to reverse and deny the motion with respect to the first six causes of action because of a possible conflict of interest. Such motion is also denied with respect to the seventh cause of action because such cause is not brought by the adjudicated bankrupts, but rather by Shaheen Natural Resources Company, Inc. on its own behalf for an alleged breach of certain contractual agreements. As so modified, the order is otherwise affirmed. Appellants shall recover of respondents one bill of $60 costs and disbursements of this appeal.