**KENNER PRODUCTS COMPANY, A DIVISION OF CPG PRODUCTS CORP., Plaintiff,**

v.

**SOCIETE FONCIERE ET FINANCIERE AGACHE-WILLOT, Defendant.**

**No. 80 Civ. 6881.**

United States District Court, S. D. New York.

Jan. 19, 1982.

Shea & Gould, New York City, for plaintiff.

Kleinberg, Kaplan, Wolff & Cohen, New York City, for defendant.

### MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff Kenner Products Company ("Kenner") brought this action against Societe Fonciere et Financiere Agache-Willot ("Agache-Willot") in state court on a guaranty of trade credit for merchandise sold to Korvettes, Inc. On December 5, 1980, Agache-Willott removed the action to this court on diversity grounds. On June 26, 1981, the Commercial Court of Lille, France appointed a receiver in bankruptcy for the defendant. Defendant now moves to dismiss this action without prejudice to plaintiff refiling its claim in Lille, France, or in the alternative, to transfer the action to the suspense docket, pending a termination of bankruptcy proceedings in the Commercial Court of Lille, France. Plaintiff opposes this motion on the basis of a choice of venue

clause contained in the guaranty at issue that requires Agache-Willot to submit to the jurisdiction of the New York state courts and the United States District Court for the Southern District of New York for actions on the guaranty.[1] Because we find that international comity, as well as United States public policy, requires that we defer to the French bankruptcy court, we grant defendant's motion to transfer this matter to our suspense docket.[2]

### Discussion

 The basis of the doctrine of international comity may be found in the Supreme Court decision of *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895), where the concept is defined as

the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.

159 U.S. at 164, 16 S.Ct. at 143. Comity is to be accorded a decision of a foreign court so long as that court is a court of competent jurisdiction and as long as the laws and public policy of the forum state and the rights of its residents are not violated. *Cornfeld v. Investors Overseas Services, Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y.), aff'd, 614 F.2d 1286 (2d Cir. 1979) (*citing Hilton v. Guyot*, 159 U.S. at 202–203, 16 S.Ct. at 158–159); *Clarkson Co. v. Shaheen*, 544 F.2d 624, 629 (2d Cir. 1976); *SNR Holdings, Inc. v. Ataka America, Inc.*, 54 A.D.2d 406, 408, 388 N.Y.S.2d 909, 911 (1st Dept. 1976) (per curiam). New York courts, whose law we apply in this diversity action, narrowly construe exceptions to the comity doctrine, stating that "foreign-based rights should be enforced unless the judicial enforcement of such a [right] would be the

approval of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense". *Intercontinental Hotels Corp. v. Golden*, 15 N.Y.2d 9, 13, 254 N.Y.S.2d 527, 529, 203 N.E.2d 210, 212 (1924). New York thus generally recognizes the statutory title of an alien trustee in bankruptcy as long as the foreign court had jurisdiction over the bankrupt and the foreign proceeding has not resulted in the violation of public policy. *Clarkson Co. v. Shaheen, supra*, 544 F.2d at 629 (citing *Cole v. Cunningham*, 133 U.S. 107, 122–23, 10 S.Ct. 269, 274, 33 L.Ed. 538 (1890)).

We do not find that recognition of a foreign bankruptcy proceeding in this case would violate the laws or public policy of the United States. Indeed, "the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction". *Cornfeld v. Investors Overseas Service, Ltd.*, 471 F.Supp. at 1259. United States bankruptcy law itself provides for the suspension of actions against a bankrupt, *see* 11 U.S.C. § 362 (Supp. III 1979); Rules Bankr.Proc.Rule 401(a), to ensure efficient and fair distribution of assets in a single proceeding. *David v. Hooker Ltd.*, 560 F.2d 412, 417 (9th Cir. 1977). In view of the above, federal courts have often granted comity to foreign liquidation or bankruptcy proceedings. *See In re Colorado Corp.*, 531 F.2d 463, 468 (10th Cir. 1976); *Cornfeld · v. Investors Overseas Services, Ltd.*, 471 F.Supp. at 1262, *IIT v. Cornfeld*, 462 F.Supp. 209, 217 (S.D.N.Y.), aff'd in part, rev'd in part, 619 F.2d 909 (2d Cir. 1980).

 Nor do we find that the choice of venue clause contained in the guaranty at issue overrides these concerns for comity and judicial efficiency. While such clauses

---

1. The guaranty clause provides, in pertinent part:

This guaranty is governed by the laws of the State of New York, and the undersigned hereby submits, solely for the purposes of this Guaranty, to the jurisdiction of the State Courts of the State of New York and the Federal Courts located in the Southern District of New York, and agrees that any action in respect of this Guaranty may be brought against the undersigned in these Courts.

2. Should plaintiff inform the court that it prefers dismissal to transfer to the suspense docket, we will accordingly dismiss the case.

are prima facie valid, they are not enforceable if such enforcement would be "unreasonable". *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). Public policy is a key factor in making a determination of "reasonableness". *Gaskin v. Stumm Handel Gmbh,* 390 F.Supp. 361, 365 (S.D.N.Y.1975).

In light of the aforementioned policy considerations, we defer our consideration of this matter to the French court's proceeding. With the proviso noted in Note 2 of this decision, we grant defendant's motion to transfer this matter to our suspense docket.

SO ORDERED.