George **CADDEL**, et al., Plaintiffs,

v.

The **CLAIRTON CORPORATION**, et al., Defendants.

Civ. A. No. 3–89–0584–G.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 27, 1989.

Ross H. Hemphill, Wallace P. Finfrock, Ray, Trotti, Hemphill & Finfrock, Dallas, Tex., for plaintiffs.

William B. Dawson, Rebecca P. Adams, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of defendant Canadian Commercial Bank ("Canadian Commercial") to dismiss plaintiffs' claims against it. For the reasons stated below, the motion is granted.

### I. *Background*

Canadian Commercial was incorporated by Act of the Canadian Parliament as a bank under the Banks and Banking Law Revision Act, 1980 S.C.1980–81–82, c. 40, and has its principal office in Edmonton, Alberta, Canada. On September 3, 1985, it filed a petition in the Court of Queen's Bench of Alberta requesting liquidation pursuant to part 11 of the Canadian Winding–Up Act, R.S.C.1970, Chapter W–19. The Canadian court issued an order for Canadian Commercial to be wound up under the terms of that act and appointed a provisional liquidator of Canadian Commercial's estate. The court further ordered, in accordance with the automatic stay provision, § 21 of the Winding Up Act, that all actions pending against Canadian Commercial and the liquidator be stayed and that no new actions be instituted.

Instead of pursuing their claims against Canadian Commercial in the liquidation proceeding, plaintiffs, without obtaining leave of the Canadian court, filed suit against Canadian Commercial here. Canadian Commercial now moves to dismiss, arguing that the comity doctrine requires application of the Canadian court's order in this matter.

### II. *Analysis*

Dismissal on the basis of comity is appropriate in this case. The rationale for dismissal under the comity doctrine is based on "deference to the foreign country's legal, judicial, legislative, and administrative systems of handling disputes over which it has jurisdiction, in a spirit of international cooperation." *Fleeger v. Clarkson Company, Limited*, 86 F.R.D. 388, 392 (N.D. Tex.1980) (diversity case). Because Canada is a sister common-law jurisdiction, American courts have consistently deferred to Canadian courts under the comity principle. Thus, "American courts have relied on the principle of comity to dismiss suits involving Canadian corporations involved in ongoing Canadian bankruptcy proceedings." *Id.* at 392–93. As the *Fleeger* court stated, "the Court is aware of no case in which an American court has refused to defer to Canada." *Id.* at 393.

In *Cunard Steamship Company Limited v. Salen Reefer Services AB*, 773 F.2d 452 (2d Cir.1985), defendant Salen had begun bankruptcy proceedings in Sweden. In accordance with Swedish law, an interim administrator was appointed to supervise the bankrupt's affairs, and all creditor actions against the debtor were suspended. Cunard nevertheless brought suit in the Southern District of New York, obtaining an order of attachment against Salen's assets. Salen then moved to dissolve the attachment, arguing that the Swedish stay should be applied. 773 F.2d at 454.

The district court granted the motion, reasoning that public policy would be furthered by granting comity to the Swedish court's bankruptcy stay. *Id.* The Second Circuit affirmed, stating that

> [t]he granting of comity to a foreign bankruptcy proceeding enables the assets of a debtor to be dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion. Consequently, American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities.

*Id.* at 458.

Likewise, in *Kenner Products Company v. Societe Fonciere et Financiere Agache–Willot*, 532 F.Supp. 478 (S.D.N.Y.1982), Kenner sued the defendant on a guaranty. Defendant then went into bankruptcy in France and moved to dismiss the American case on the basis of comity. The court granted the motion, reasoning that American courts' "firm policy" was to stay actions where the defendant is in bankruptcy proceedings in another nation. Indeed, as the court explained, United States law provides for such automatic stays "to ensure efficient and fair distribution of assets in a single proceeding." 532 F.Supp. at 479.

Finally, in *Cornfeld v. Investors Overseas Services, Ltd.*, 471 F.Supp. 1255 (S.D.

N.Y.1979), the court applied comity to observe a stay imposed in a Canadian liquidation proceeding. As the court explained, recognizing the stay would violate neither the laws nor the public policy of either the United States or the forum state. *Id.* at 1259. The court relied on the automatic stay provided by United States law for suits against the bankrupt. It explained that § 21 the Canadian Winding Up Act was virtually identical. Both acts ensured that the bankrupt's assets were efficiently and fairly distributed among creditors in one proceeding, rather than "erratically" dissipated in several different suits. 471 F.Supp. at 1260.

The instant case is of the same fabric as these three cases. Comity is due the Canadian stay, so as to ensure fair and efficient distribution of the bankrupt's assets among all creditors in one suit. Observation of the stay would further the same policies as those established by the automatic stay contained in 11 U.S.C. § 362. Likewise, observation of the Canadian stay would not conflict with the law or policy of either Texas or the United States.[1]

Plaintiffs also raise a number of objections, which are disposed of below. First, inasmuch as Canadian Commercial has filed amended affidavits and exhibits eliminating the deficiencies plaintiffs complained of, its supporting evidence is sufficient. Second, the Canadian court's order regarding Canadian Commercial need not refer specifically to this action or to plaintiffs. *See, e.g., Cunard*, 773 F.2d at 454 (Swedish stay order did not refer to New York action, as that action was filed after stay was entered). Third, the fact that Canadian Commercial took certain actions in Texas does not render comity inapplicable, and plaintiffs have cited no authority for such a proposition. In *Kenner*, the French corporation had taken certain actions in New York. Nevertheless, the

---

**1.** Plaintiffs argue that this court must follow Texas law, under which comity is a matter of discretion. Be that as it may, plaintiffs have demonstrated no reasons for that discretion to be exercised in their favor (i.e., against application of comity). On the other hand, the cases cited above provide good reason for applying the doctrine. Moreover, plaintiffs have provided no Texas authority for the proposition that a foreign bankruptcy stay should not be observed, and this court has found none.

French bankruptcy stay was followed. 532 F.Supp. at 478. Fourth, it does not matter that plaintiffs complain of post-liquidation events. The Canadian Commercial stay order was not restricted to lawsuits arising from pre-petition events. *See* Re: Northland Bank, Western Securities Limited, (1988) 53 Man.R. (2d) 249, 251, 253–54 (similar stay order held to apply to suit, even though the acts plaintiffs complained of were taken by liquidator after liquidation commenced). Moreover, American courts apply a similar policy, giving the bankruptcy court jurisdiction over post-petition conduct or obligations. *See, e.g., In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir.1987) (post-petition debt).

### III. *Conclusion*

Defendant Canadian Commercial's motion to dismiss plaintiffs' claims against it is granted. Plaintiffs' claims are dismissed without prejudice to their being pursued in the Canadian liquidation proceeding.

SO ORDERED.