■ TOWN & COUNTRY LINOLEUM & CARPET CO., INC., Appellant, v CHARLES R. WELCH et al., Defendants, and JACK GARDNER, Respondent.— Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Appellant, Town & Country Linoleum & Carpet Co., Inc., a subcontractor in the construction of an apartment house project in the Town of Clay, Onondaga County, filed a mechanic's lien in the amount of $34,694.20 on September 11, 1969. This sum represented the labor and materials it furnished to the project at the request of K. R. W. Development Corporation and Woodard Estates, Inc. Plaintiff's complaint alleges that the defendant, Jack Gardner, was one of the principal shareholders in K. R. W. and Woodard Estates, Inc. It further alleges that on July 19, 1970 the defendants proposed to transfer the apartment house project. In order to clear the project title, which was heavily encumbered by mortgages, judgments and liens, Charles R. Welch, one of the defendants, promised plaintiff that in consideration of the satisfaction of plaintiff's lien and payment to plaintiff of $20,816.52, defendants would pay plaintiff the balance of its lien in the amount of $13,877.68 when they sold an undeveloped contiguous parcel of land. Plaintiff alleges that Welch promised that defendants would execute an instrument evidencing this obligation and secure its payment by a lien upon the residual parcel of land. Plaintiffs further allege that Welch was authorized by defendant Gardner to bind him to this obligation and that defendants have refused to execute any binding instrument and that the residual parcel has been sold. Defendant Gardner moved at Special Term to dismiss the complaint as against him, claiming that the obligation sought to be imposed upon him is barred under the Statute of Frauds. Special Term granted defendant Gardner's motion. We disagree. Appellant claims that there has been a novation between the parties. If such is proved, it removes the case from the defense of the Statute of Frauds (56 NY Jur, Statute of Frauds, §§ 48, 78). For novation to exist there must be a previous valid obligation, agreement of all parties to a new contract, extinguishment of the old obligation and sufficient consideration (42 NY Jur, Novation, § 7). It is arguable that a previous valid obligation exists between plaintiff and K. R. W. and Woodard Estates, Inc. We note in that connection that in support of his motion to dismiss, defendant Gardner avers that he has never been a stockholder, officer, director or otherwise associated with K. R. W., but makes no similar disclaimer regarding Woodard Estates, Inc. Further, at the time when plaintiff filed its mechanic's lien on September 11, 1969 the apartment house project was concededly owned by a copartnership

known as Woodard Estates Associates and defendant Gardner was one of the partners. Defendant Gardner is also a tenant-in-common owner with the other defendants in the residual property that was allegedly to be sold to answer for the claimed debt owed plaintiff. With respect to a new contract and extinguishment of the old obligation, the complaint alleges that this took place at a meeting held on July 19, 1970. Consideration, if a novation be proved, is furnished by the discharge of the original obligation (42 NY Jur, Novation, § 16). We find, therefore, that a question of fact exists with respect to defendant's interest in the ownership of the property subject to the mechanic's lien. If such an interest is demonstrated, as it must be in order to establish the existence of the requisite previous valid obligation, then there is a further question of fact as to whether a novation was effected. In any event, the existence of these fact questions properly precludes the granting of summary judgment, particularly at this early stage of the litigation. If it later develops that plaintiff is unable to demonstrate the existence of these disputed contentions, defendant may again move for summary judgment. (Appeal from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.