**CONTINENTAL TIME CORP., Plaintiff,**

v.

**SWISS CREDIT BANK, Swiss Air Transport Co., Ltd. and S. H. Pomerance Co., Inc., Defendants.**

**S. H. POMERANCE CO., INC., Third-Party Plaintiff,**

v.

**The MERCHANTS BANK OF NEW YORK and Martin Staub, Third-Party Defendants.**

No. 81 Civ. 7389 (MEL).

United States District Court, S. D. New York.

July 19, 1982.

Kraver & Martin, New York City, for plaintiff; Richard M. Kraver, Roy I. Martin, Lewis S. Fischbein, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Credit Suisse.

Edward Cobert, Garden City, N. Y., for defendant S. H. Pomerance Co., Inc.

Condon & Forsyth, New York City, for defendant Swiss Air Transport Co., Inc.

Simon, Meyrowitz & Meyrowitz, New York City, for third-party defendant The Merchants Bank of New York.

LASKER, District Judge.

Continental Time Corp. ("Continental") sues to recover damages allegedly arising out of Credit Suisse's ("Swiss Credit") wrongful refusal to honor its obligations under an irrevocable letter of credit. The letter of credit was issued on January 10, 1980, in favor of Continental. On January 21, 1980, Continental assigned its entire interest in the letter of credit to S. Frederick & Company ("Frederick") and to Arlington Distributing Co., Inc. ("Arlington"). On January 29, 1980, Swiss Credit advised Merchants Bank, where Frederick held his account, that the air waybill did not conform to the requirements of the letter of credit. The expiration date on the letter of credit subsequently passed with no payment made. On May 28, 1980, Frederick and Arlington separately instituted suit in Switzerland for recovery of their assigned portions of the letter of credit. The Swiss court consolidated the actions and granted Swiss Credit's application to join Georges Bloch, the person who had originally requested the issuance of the letter of credit, in the action. The suit in Switzerland is currently pending.

## I.

Continental instituted this suit in 1981. Swiss Credit now moves to dismiss the complaint or stay the action on the grounds that Continental is not the real party in interest and that the precise issues are being litigated in the Swiss action. On March 18, 1982, Continental and Frederick settled related litigation between themselves. As part of the settlement, Frederick assigned back to Continental 75% of its interest in the letter of credit, agreed to attempt to intervene in this suit, and agreed to consent to a stay of the Swiss action at Continental's request.

Swiss Credit contends that, despite Frederick's reassignment of most of its interest in the letter of credit to Continental, the court should exercise its discretionary power to dismiss suits involving the same parties where, as is claimed here, the earlier initiated litigation will resolve the issues in the present suit. Swiss Credit argues that it would be prejudiced by the continuation of this suit through the assignment of the claim from Frederick to Continental because it must continue to litigate the same issues in two fora, here and in Switzerland. In this regard, Swiss Credit notes that the assignment was only partial, that there has been no unconditional promise by Frederick to agree to a stay of the Swiss action, and that Frederick has yet to intervene here. Swiss Credit also maintains that Continental's maneuvers with Frederick amount to a method of forum shopping and that Continental has failed to join Arlington, a necessary party, in this suit. Swiss Credit contends that Switzerland is the appropriate forum for the litigation of the letter of credit claims because the Swiss action was filed first, Continental Time may "intervene" in the Swiss action, and all the relevant parties for the letter of credit claim are involved in the Swiss action.

Continental responds that Frederick's assignment to it renders Continental a real party in interest in this suit and that Arlington, as a minority assignee, is not an indispensable party under Fed.R.Civ.Pr. 19(b). Continental contends that this action should not be dismissed or stayed in favor of the Swiss action because the actions may proceed simultaneously, it is pressing claims against defendants other than Swiss Credit here, and Continental is not a party to the Swiss action. Continental emphasizes that this case, in contrast to the Swiss action, will involve all parties having an interest in the proceeds of the letter of credit. Continental also maintains that this action has proceeded to a further stage of litigation than the Swiss action, since discovery is nearly complete in this action and little activity has occurred in the Swiss action.

## II.

Swiss Credit's motion for dismissal of the claims against it is granted. The court has the inherent power to dismiss or stay this action in favor of the Swiss litigation presenting the same claims and issues. See Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); I. J. A., Inc. v. Marine Holdings, Ltd., Inc., 524 F.Supp. 197 (E.D.Pa.1981). The relevant factors in determining whether to grant a stay or a dismissal because of litigation pending in another forum include the adequacy of relief available in the alternative forum, the promotion of judicial efficiency, the identity of the parties and the issues in the two actions, the likelihood of prompt resolution in the alternative forum, the convenience of parties, counsel and witnesses, the possibility of prejudice to any party, and the temporal sequence of filing for each action. I. J. A., Inc. v. Marine Holdings, Ltd., Inc., supra; see also Semmes Motors Inc. v. Ford Motor Co., 429 F.2d 1197–1202–03 (2d Cir. 1970).

Weighing these factors in the present case, we conclude that this action should be dismissed. The suit was instituted some six months later than the Swiss action by a party who, at that time, had no cognizable interest in the letter of credit proceeds. Moreover, it appears that the Swiss action will proceed in any event since there is no indication that Arlington, to whom Continental assigned a significant share of its interest in the letter of credit, intends to join this action. In those circumstances, Swiss Credit would be faced with having to defend its actions in two fora with the attendant risk of inconsistent decisions. Moreover, Continental has not challenged Swiss Credit's assertion that Continental has the right to join the Swiss action. It thus appears that the Swiss suit has the potential of including all parties necessary for the resolution of the claims relating to the letter of credit transaction.

Finally, while, as Continental asserts, this action may be more convenient for various parties and witnesses, it is also true that it was the choice of Continental's predecessor in interest, Frederick, to sue in Switzerland rather than in the United States. In this regard, the fact that Continental and Frederick appear to have engaged in a type of forum-shopping as a by-product of the resolution of the claims between them militates in favor of Swiss Credit's position on this motion. Swiss Credit should not be required to defend against the letter of credit claims here when it is already engaged in litigation in Switzerland with parties who, at the time that litigation was commenced, represented the entire interests in the proceeds of the letter of credit. Frederick's decision to assign a portion of its interest back to Continental after it had already instituted litigation on the letter of credit should not be permitted to result in Swiss Credit's having to litigate the identical issue in two fora on either side of the Atlantic Ocean.

It is true that this action includes other parties and claims than those in the suit in Switzerland, relating to the purchase and sale of merchandise underlying the letter of credit transaction. However, this factor does not support Continental's contention that only this action can fully resolve the relevant issues, for it is settled that a letter of credit agreement constitutes

an independent transaction between the issuer and the beneficiary, to be resolved without reference to underlying contracts or transactions. *Venizelos, S. A. v. Chase Manhattan Bank*, 425 F.2d 461 (2d Cir. 1970).

Swiss Credit's motion to dismiss the action as to it is granted on condition that it not oppose Continental's becoming a party to the Swiss litigation.

It is so ordered.