■ STAGE CLUB CORPORATION et al., Plaintiffs, v WEST REALTY Co. et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. WINSTON NETWORK, INC., et al., Third-Party Defendants-Respondents-Appellants. [622 NYS2d 948] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about July 7, 1993, to the extent that it denied so much of a motion as sought dismissal of the second (negligence) and third (trespass) causes of action in the third-party complaint on behalf of third-party defendant Winston Network ("Winston"), while granting dismissal of the first (breach of contract) cause of action against that party, unanimously modified, on the law, the third cause of action is also dismissed as against Winston, and otherwise affirmed, without costs. The appeal by third-party plaintiff and the cross appeal by third-party defendant Foster & Kleiser ("F&K") from the remainder of that order are dismissed, without costs, those portions having been subsumed in the subsequent order on reargument.

Order, same court and Justice, entered on or about September 24, 1993, insofar as it granted the motion by F&K for summary judgment dismissing the second and third causes of action against it in the third-party action, and modified on reargument the earlier order to the extent of partially dismissing the first cause of action against that party, unanimously modified, on the law, by reinstating the first cause of action in its entirety as against F&K, and otherwise affirmed, without costs. The cross appeal by Winston, from denial of reargument of a portion of its earlier dismissal motion, is dismissed, without costs, such order being non-appealable.

In late 1984, just seven months after signing an eight-year lease for use of the top floor as a discotheque at 60-62 East 14th Street in Manhattan, plaintiff sued its landlord for water damage, allegedly traced to faulty installation or maintenance of a billboard sign on the roof of the building. The landlord, West Realty, brought the third-party action that is the subject of these appeals in 1986 against the advertising agency (F&K) that had erected the 14 feet × 48 feet sign, and its assignee

(Winston). F&K had leased the roof space from West Realty for this purpose under three consecutive 3-year leases, commencing in 1976, 1979 and 1982. The ultimate result of the two decisions at IAS was (a) dismissal of the breach of contract claim as against Winston; (b) restriction of the breach of contract claim as against F&K to the 1979 lease and later, under the statute of limitations; (c) dismissal of so much of the breach of contract cause of action as sought relief under the 1982 lease, because that lease omitted any reference (which had been included in prior leases) to maintenance responsibility on the part of the third-party defendants; and (d) dismissal of claims against F&K based on negligence and trespass, as barred by the statute of limitations.

The lease for the period commencing February 1, 1976 contained a typewritten legend along the margin, holding F&K "responsible for all costs resulting from its sign." Three years later, a similar legend was typed along the margin of the renewal lease wherein the lessee agreed "to pay for all costs pertaining to signs, including but not limited to * * * maintenance". In 1982, when F&K renewed the lease for a third term, no such legend appeared anywhere on the face of the document. Shortly thereafter, F&K assigned the lease to Winston.

Daniel Birnant, the general partner and representative who signed each of the roof leases on West Realty's behalf, testified at deposition that when he discussed this omission with F&K's representative during the negotiation of the 1982 renewal, the latter acknowledged that its responsibility for the sign and any damages flowing therefrom was still "part of the regular lease". On reargument of the summary judgment motion to dismiss West Realty's breach of contract cause of action, the court held that the parol evidence rule barred such testimony in support of extending the 1979 assumption-of-responsibility provision into the 1982 lease. We disagree.

The parol evidence rule forbids proof of an oral agreement that might add to or vary the terms of a written contract that was intended to embody the entire agreement between the parties *(Fogelson v Rackfay Constr. Co.,* 300 NY 334). It will not, however, preclude evidence to clarify an ambiguity caused by the absence of particulars from the writing, provided that the parol evidence to be introduced does not contradict the written agreement *(Smith v Slocum,* 71 AD2d 1058). No one suggests that the 1982 renewal speaks to the issue of responsibility, which had been addressed in the margin of the prior two leases. In the absence of such a provision, parol

evidence should have been admissible on the question of whether the parties had inadvertently omitted this language from the 1982 lease.

F&K argues that the assignment to Winston absolved the former of responsibility under the roof lease. But there is nothing in the record to indicate that a due diligence inspection was conducted at the time of the assignment, such as would lead to the conclusion that any structural damage occurred during Winston's tenancy. Furthermore, parol evidence could not be admissible as against F&K's assignee. Winston was not a party to the two earlier leases, and thus could not be held liable on West Realty's explanation of inadvertent omission. Dismissal of the breach of contract claim as against Winston was thus appropriate.

The claim against F&K for negligent injury to property was barred by the 3-year statute of limitations (CPLR 214 [4]). Since F&K assigned its roof lease to Winston in 1982, the statute must necessarily have run by the time this action was commenced four years later.

The negligence claim against Winston is based upon the testimony of West Realty's expert engineer, who concluded that maintenance had been faulty. But a question of credibility is raised in that the engineer's inspection was conducted in 1985, after the sign had been removed, with no contemporaneous report having been rendered, and the expert's affidavit was not prepared until 1992. This raises triable issues of fact, especially in light of the opposite conclusion reached by Winston's expert engineer.

Unlike the negligence claim against Winston, which essentially involves sufferance of a faulty condition to exist, the claim for trespass requires an affirmative act constituting or resulting in an intentional intrusion upon West Realty's property (see, e.g., Phillips v Sun Oil Co., 307 NY 328; Theofilatos v Koleci, 105 AD2d 514). The third-party complaint and supporting papers are deficient in detailing any allegations of such conduct on Winston's part, and this lapse is underscored by West Realty's failure to argue the point in response to Winston's cross appeal. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.