**EVERGREEN MARINE CORPORATION,**
Plaintiff,

v.

**WELGROW INTERNATIONAL INC., Defendant.**

No. 93 Civ. 6940 (RWS).

United States District Court, S.D. New York.

Feb. 11, 1997.

Cichanowicz, Callan & Keane, (Deborah R. Reid, Joseph F. DeMay, Jr., of counsel), New York City, for Plaintiff.

Anthony Y. Cheh, New York City, for Defendant.

## OPINION

SWEET, District Judge.

In this action brought by Evergreen Marine Corporation ("Evergreen") to recover damages for alleged non-payment of detention charges under a service contract and bills of lading, Defendant Welgrow International, Inc. ("Welgrow") has moved to dismiss this action in favor of an action in Antwerp, Belgium presenting the same claims and issues, or to dismiss on the grounds that Plaintiff is not registered to do business in New York.

For the reasons set forth below, the action in this Court will be stayed on the condition Welgrow submits to the jurisdiction of the Antwerp Commercial Court for the purpose of litigating the claims brought by Evergreen in this action, waives any applicable statute of limitations defense, and agrees to be bound by the judgment of the Belgian Courts.

### The Parties

Evergreen is an ocean common carrier incorporated under the laws of Taiwan, with its principal place of business in Taiwan.

Welgrow is a domestic corporation with its principal place of business in New York.

### Facts and Procedural Background

The facts and prior proceedings in this action are set forth in the prior opinion of this Court, *Evergreen Marine Corp. v. Welgrow International, Inc.*, 942 F.Supp. 201 (S.D.N.Y.1996). Those facts relevant to the determination of this motion are set forth below.

On June 5, 1992, Evergreen and Welgrow entered into a Service Contract (the "Contract"), by which Evergreen agreed to transport a minimum quantity of goods shipped by Welgrow. This action arises out of unpaid "detention charges" allegedly incurred by Welgrow. Detention charges (or "demurrage") are charges for delays in returning cargo containers to the carrier within a specified time after the goods are tendered to the consignee designated to receive the shipped goods in another port.

In this case, the consignee of the shipments was a Belgian company, Grisar & Velge, N.V. ("Grisar"). The Contract contemplated the transportation of goods from U.S. ports to Belgium, where Grisar would take the goods and ship them, in Evergreen's containers, to ports in Eastern Europe.

Pursuant to the Contract and bills of lading issued to Welgrow, Evergreen transported shipments from various U.S. ports to Antwerp. Detention charges were incurred as a result of delays in the return of Evergreen's cargo containers. Both Grisar and Welgrow made payments to Evergreen for detention charges during the time the Contract was in force. Grisar reimbursed Welgrow for detention charges Welgrow paid. Grisar acknowledged to Evergreen, in a number of written communications, its continuing obligation to return containers in a timely manner. Grisar, in explaining that it was withholding payment of certain invoices for detention charges, also communicated its future intention to pay charges when errors in the invoices were corrected.

On March 12, 1993, after it had satisfied its minimum volume commitment, Evergreen terminated the Contract. At that time, outstanding detention charges were due under the Contract and bills of lading. Evergreen issued invoices for detention charges to Grisar.

On April 27, 1993, Evergreen commenced an action for unpaid detention charges against Grisar in the Commercial Court located in Antwerp, Belgium (the "Antwerp Court" or "Antwerp Tribunal"). On August 12, 1993, Evergreen commenced a second action for additional unpaid detention charges against Grisar in the Antwerp Court.

Evergreen filed the complaint in this action on October 5, 1993. Welgrow filed its answer on November 2, 1993. In pretrial conferences, the parties represented to this Court that the matter would be resolved by settlement or in the Antwerp litigation.

On November 15, 1995, Grisar impleaded Welgrow in the pending actions in Antwerp, seeking indemnification. Welgrow has not yet answered the cross-claim in Antwerp.

On December 8, 1995, Evergreen moved for summary judgment in this action. On August 20, 1996, Welgrow made a cross-motion to dismiss. By order dated October 22, 1996, this Court denied the motion and cross-motion. *Evergreen*, 942 F.Supp. at 209.

Welgrow filed the instant motion on November 12, 1996. In its moving papers, Welgrow has consented to submit to the jurisdiction of the Belgian Courts for the purpose of litigating Evergreen's claims against it and has agreed to waive any statute of limitations defense, and has agreed to be bound by the judgment of the Belgian Courts. Oral argument on this motion was heard on November 26, 1996, at which time the motion was deemed fully submitted.

### Discussion

In the prior opinion, this Court denied Welgrow's motion to dismiss this action in favor of the pending Belgian action, primarily because Welgrow had not answered or agreed to submit to the jurisdiction of the Belgian court. *Evergreen*, 942 F.Supp. at 207–08. Welgrow once again urges this Court to dismiss this action because of the pendency of the Belgian litigation and agrees to submit to the jurisdiction of the Antwerp court.

■ A court has inherent power to dismiss or stay an action based on the pendency of a related proceeding in a foreign jurisdiction. *In re Houbigant*, 914 F.Supp. 997, 1003 (S.D.N.Y.1996); *Continental Time Corp. v. Swiss Credit Bank*, 543 F.Supp. 408, 410 (S.D.N.Y.1982) (citing *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). The relevant factors in determining whether to grant such a stay or dismissal include: the similarity of parties and issues involved in the foreign litigation; the promotion of judicial efficiency; adequacy of relief available in the alternative forum; issues of fairness to and convenience of the parties, counsel and witnesses; the possibility of prejudice to any of the parties; and the temporal sequence of the filing of the actions. *See Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F.Supp. 880, 884 (S.D.N.Y.1991); *Continental*, 543 F.Supp. at 410.

■ Federal courts are reluctant to decline jurisdiction solely on the basis of concurrent proceedings in another jurisdiction. "Parallel proceedings on the same *in personam* claim should ordinarily be allowed to proceed simultaneously." *China Trade and Development v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir.1987) (quoting *Laker Airways Ltd. v. Sabena Belgian World Airlines,* 731 F.2d 909, 926–27 (D.C.Cir.1984)) (internal quotation marks omitted). *See also Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976) (federal court will abstain from exercising jurisdiction because of pending state court action only in "exceptional" circumstances); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–16, 19, 103 S.Ct. 927, 936–37, 938–39, 74 L.Ed.2d 765 (1983) (same). This obligation, however, is not absolute. *Caspian*, 770 F.Supp. at 884. In determining whether to dismiss or stay an action in favor of parallel litigation in state courts or other federal courts, a federal court should consider "wise

judicial administration, ... conservation of judicial resources, and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Here, principles of international comity, which counsel deference to the legislative, executive and judicial actions of foreign nations, also support a stay or dismissal in favor of the Belgian proceeding. *Caspian*, 770 F.Supp. at 883–84 (*quoting Cunard S.S. Co. v. Salen Reefer Serv. AB*, 773 F.2d 452, 456 (2d Cir. 1985).

■ Here, the factors set forth in *Caspian*, *Continental* and *Houbigant* favor a stay of this action.[1] With respect to the similarity of parties, if Welgrow consents to jurisdiction in Belgium, all interested parties will be before the Antwerp tribunal, including Grisar, which is not a party to this action. With respect to the similarity of the claims, Welgrow has consented to submit to the jurisdiction of the Antwerp Court for determining the claims brought by Evergreen in this action, as well as the claims brought against them there by Grisar. A stay of this action will promote judicial efficiency by putting all parties and claims before a single tribunal, thus reducing duplicative discovery and litigation. Moreover, a stay will minimize the risk of inconsistent judgments with respect to related claims. While the litigation of claims under New York or Federal law may present some inconvenience to the Antwerp tribunal, it is likely that some issues of New York or United States law would have to be resolved in the litigation there, even absent a stay of this proceeding.

With regard to the adequacy of the relief available in the alternative forum and the possibility of prejudice to Evergreen, there is no contention that the Antwerp Commercial Court would be unable to issue a judgment that would remedy Evergreen's claims. Evergreen's primary concern in this regard is that, although a remedy may be available in the foreign forum, that judgment would have to be enforced by litigation in New York, since Welgrow does not appear to have assets in Belgium. However, Welgrow has agreed to be bound by the judgment of the Belgian courts, thus obviating the risk that enforcement of the judgment will be resisted.

The balance of convenience with respect to the availability of witnesses and evidence also tips in favor of a stay of this action. This case arises out of a dispute about the timeliness of the return of shipping containers to Evergreen at its facility in Antwerp. Witnesses and evidence related to this issue will be located in Belgium. Moreover, the issue of whether Grisar or Welgrow is liable for detention charges will involve testimony from agents of Grisar, a Belgian entity, regarding an alleged agreement by which Grisar agreed to assume responsibility for return of the containers and liability for detention charges arising from delays in the return of those containers. This agreement allegedly was reached by communication with Evergreen's agent in Antwerp. Thus, witnesses and evidence of this agreement will be easier to secure in Belgium than in New York. Moreover, Evergreen's invoices for the detention charges were issued to Grisar by Evergreen's Antwerp agent. While it is true that witnesses and evidence relating to the original agreement between Evergreen and Welgrow may be located in New York, it appears that a substantial portion of the evidence will be more easily accessible to the Belgian courts.

■ With respect to the convenience and preferences of the parties, Welgrow has expressed its preference for litigation in the Belgian forum over litigation in New York. As for Evergreen's desire to litigate here, a plaintiff's choice of forum ordinarily is entitled to substantial deference. *See Gulf Oil*

---

1. Evergreen cites a number of additional factors that it argues should be considered in determining whether to stay an action. However, the cases cited by Evergreen involved *Colorado River* abstention, in which federal courts will dismiss or stay federal proceedings in favor of *state* proceedings under extreme circumstances. *See National Cas. Co. v. Jordache Enterprises, Inc.*, 848 F.Supp. 1112, 1116 (S.D.N.Y.1994); *National*

*Union Fire Ins. v. Thomas*, 713 F.Supp. 62 (S.D.N.Y.1988). While *Colorado River* and its progeny may be instructive in the present context, the considerations involved in deferring to state court proceedings are different from those involved in deferring to foreign proceedings, where concerns of international comity arise and issues of federalism and federal supremacy are not in play.

*Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) ("[T]he plaintiff's choice of forum should rarely be disturbed.") However, the forum choice of a foreign plaintiff, such as Evergreen, is entitled to less deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). Moreover, Evergreen has indicated its willingness to litigate in Belgium by initially suing for the detention charges there. Evergreen has agents in Antwerp, but claims not to be doing business in New York. *See* "Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion to Dismiss" at 18–19. It is difficult to conclude that New York, where it claims not to do business, is a more convenient forum for Evergreen.[2]

The chronological sequence of these actions also favors a stay. Evergreen instituted the Belgian action against Grisar on April 27, 1993. Evergreen did not file the complaint in this action until approximately six months later, on November 2, 1993. While Welgrow was not impleaded in the Belgian action until November 15, 1995, the Belgian action on the same detention charges at issue in both cases has been pending longer. While Evergreen contends that this action has proceeded further than the parallel action in Antwerp, there has been little progress in the case here, aside from extensions of the discovery deadline and adjournments of pretrial conferences granted by this Court to facilitate a purported global settlement that would resolve all claims related to the detention charges, including Evergreen's claims in the Belgian action.

Evergreen also contends that the action in Belgium may not resolve all of the claims among the interested parties, since Grisar is asserting that Evergreen's claims against it should be submitted to arbitration pursuant to an arbitration clause in the Service Agreement. Grisar was not a party to the Service Agreement and the bills of lading do not appear to incorporate the Service Agreement or the arbitration clause by reference, and so

Grisar is unlikely to be able to enforce the arbitration clause. *See Import Export Steel Corp. v. Mississippi Valley Barge Line Co.*, 351 F.2d 503, 505–06 (2d Cir.1965) (notify party on bill of lading cannot enforce arbitration clause in charter party to which it was not a party; however, consignee under bill of lading that expressly incorporates charter party's arbitration clause can compel arbitration). Moreover, even if Grisar prevails in its effort to dismiss the Belgian action against it in favor of arbitration, there will be, at most, two proceedings (the arbitration and the Belgian action involving Evergreen and Welgrow). There are already two proceedings, and a stay of one of them will substantially increase the chances that all related matters can be adjudicated in one proceeding. It is not necessary that this Court be persuaded to a certainty that all disputes will be resolved in a single proceeding before it exercises its inherent power to stay an action in favor of foreign proceedings that are considerably more likely to provide an efficient resolution than would continued parallel proceedings, especially when the other factors weigh in favor of a stay.

### Conclusion

For the reasons set forth above, this action is hereby stayed, on the following conditions: that Welgrow submits to the jurisdiction of the Belgian Courts for the purposes of adjudicating all claims against it by Evergreen and Grisar, that Welgrow waives any statute of limitations defense, and that Welgrow agrees to be bound by the judgment of the Belgian Court (subject to its rights to appeal under Belgian law) and pay any judgment obtained against it.

It is so ordered.

---

2. Much of Evergreen's argument against a stay is couched in *forum non conveniens* terms. While such considerations may have relevance to the inquiry in this case, Welgrow here seeks relief from the prosecution of this action pursuant to the Court's inherent power to stay proceedings in favor of a pending foreign action, not pursuant to the distinct doctrine of *forum non conveniens*, which may be applied to dismiss a case even when no alternative proceeding is pending.