800537 ONTARIO, INC., D/B/A
Acura–West and Gregory
Leon, Plaintiffs,

v.

WORLD IMPORTS U.S.A. INC., Claus
G. Lukner and Jakub S. Sydorowicz
A/K/A Jake Sydorowicz Defendants.

No. 01–CV–6006T(B).

United States District Court,

W.D. New York.

June 12, 2001.

David H. Tennant, Nixon Peabody LLP, Rochester, NY, for 800537 Ontario, Inc., d/b/a Acura–West, Gregory Leon, plaintiffs.

Thomas G. Smith, Harter, Secrest & Emery, Rochester, NY, for World Imports USA, Inc., defendant.

### DECISION And ORDER

TELESCA, District Judge.

### *INTRODUCTION*

800537 Ontario, Inc., D/B/A Acura–West ("Acura West") and Gregory Leon ("Leon") (collectively "plaintiffs") bring this action against World Imports U.S.A., Inc. ("World Imports"), Claus G. Lukner ("Lukner") and Jakub S. Sydorowicz A/K/A Jake Sydorowicz ("Sydorowicz") (collectively "defendants"). The complaint, filed on January 5, 2001, claims that defen-

dants are civilly liable under RICO and various New York state causes of action for damages suffered by plaintiffs as the result of an alleged criminal tax fraud on the Canadian government perpetrated in connection with the transfer of automobiles from plaintiffs to defendants.

By motion filed on March 1, 2001, defendants move to stay any further proceedings in this action pending final judgments in two related Canadian criminal actions currently pending against Acura West and Leon.[1] In addition, to the extent necessary, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendants request an enlargement of their time to answer or move respecting the complaint. Plaintiffs oppose the motion for a stay.

## FACTS

Gregory Leon is the president and part-owner of Acura–West, a Canadian corporation that sells and services automobiles in southwestern Ontario, Canada. (Compl.¶ 11–13). Defendant World Imports is located in Rochester, New York and is in the business of purchasing automobiles for resale in the United States and Europe. (Compl.¶¶ 14–18). Defendant Lukner is the president and owner of World Imports and defendant Sydorowicz is employed by World Imports. (Compl.¶¶ 19–20).

Beginning in 1994 through November of 1995, plaintiffs purchased twenty vehicles in Canada that they sold and exported to defendants in the United States. (Compl.¶ 37, 75). Vehicles exported from Canada to other countries are exempt from the Canadian GST tax and dealers

can either: (1) collect the GST at the time of the sale and give the foreign buyer proof of payment so that the buyer can request a rebate from the Canadian government; or (2) the dealer can declare the sale exempt from the GST and not collect the tax. (Compl.¶ 3).

In connection with plaintiffs sale and export of vehicles to defendants, the Canadian government alleges in the two related criminal actions, that plaintiffs violated Canadian tax laws by, among other things, attempting to evade payment of the GST. In the instant lawsuit, plaintiffs claim that it was the defendants who committed tax fraud by falsely claiming that they had paid GST taxes and receiving rebates from the Canadian government when in fact plaintiffs sold the vehicles as tax exempt. (Compl.¶ 2).

## DISCUSSION

■ This court has the inherent power to stay any further proceedings in the instant civil action in favor of the Canadian criminal litigation. *See Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Dragon Capital Partners L.P. v. Merrill Lynch Capital Svcs., Inc.*, 949 F.Supp. 1123, 1127 (S.D.N.Y.1997). Whether the court should do so is based on several factors including: (1) whether the identity of the parties and issues in both actions are the same or similar; (2) whether the alternative forum is likely to render a prompt disposition; (3) the temporal sequence of the filing of the actions; (4) whether a stay will promote judicial efficiency; (5) the convenience of the parties, counsel and witnesses; and (6) the possibility of prejudice

---

**1.** The two Canadian cases are *Our Majesty the Queen v. 800537 Ontario, Inc.* and *Our Majesty the Queen v. Gregory R. Leon.* Normally, it is the defendants in a foreign criminal action who move to stay a parallel civil proceeding because of the risk that their responses to civil discovery demands may impinge on their de-

fenses and/or constitutional rights in the criminal matter. Here, however, the moving defendants are not defendants in the Canadian criminal proceedings, but it is the plaintiffs who are the criminal defendants, who oppose the stay.

to the parties. *See e.g., Continental Time Corp. v. Swiss Credit Bank,* 543 F.Supp. 408 (S.D.N.Y.1982); *Ronar Inc. v. Wallace,* 649 F.Supp. 310 (S.D.N.Y.1986).

 There is no question that the parties in the Canadian criminal actions are not identical to the parties in the instant action. Nonetheless, contrary to plaintiffs' assertions, that fact alone does not compel the conclusion that a stay is inappropriate. *See e.g., Caspian Investments Ltd. v. Vicom Holdings, Ltd.,* 770 F.Supp. 880 (S.D.N.Y.1991), *citing, Landis,* 299 U.S. at 254, 57 S.Ct. 163 (court may stay proceedings in deference to a foreign action even if the parties and issues are not identical); *see also Dragon Capital,* 949 F.Supp. at 1127 (courts repeatedly rule that parties and issues need not be identical in order for one action to be stayed in deference to an earlier action).

Moreover, the issues in the actions are sufficiently similar to favor a stay. Both actions arise out of the same events and present the same central question—e.g., who, if anyone, violated the Canadian tax laws in connection with the transfer of vehicles from plaintiffs to defendants. Accordingly, even if as plaintiffs argue, the required elements of proof in each of the actions are not identical, there is no question that the fundamental issues to be resolved are substantially similar and a stay is appropriate. *See e.g., Landis,* 299 U.S. at 256, 57 S.Ct. 163 (it is not necessary that the foreign action settle every question of fact or law to support a stay).

In addition, in light of the similarity of issues, resolution of the Canadian criminal actions will more than likely narrow the issues before this Court and ultimately save the parties and the Court from a needless or duplicative expenditure of resources.

With regard to the temporal filing of the actions, when as here, the foreign action is pending, principles of comity counsel that priority generally goes to the suit first filed. *Ronar,* 649 F.Supp. at 318. There is no dispute that the Canadian criminal actions filed in February of 1999 predated institution of the present civil action which was filed in January of 2001.

Finally, plaintiffs' claim that they will be prejudiced by a stay because they will be left without any form of redress against defendants overstates the impact of the requested relief. A stay will simply hold further proceedings in this action in abeyance pending judgments in the Canadian criminal cases. Thus, contrary to plaintiffs' assertions, the issuance of a stay will not leave plaintiffs without an avenue for redress. Moreover, because the Canadian criminal trials are scheduled to commence in approximately five months, any delay in moving forward in the present litigation will be of a relatively short duration.

*CONCLUSION*

For all of the foregoing reasons, I hereby grant a stay of further proceedings in the instant action until judgment is rendered in the two Canadian criminal actions currently pending against plaintiffs. The parties are directed to notify the Court in writing within twenty-one days of judgments being issued in the Canadian actions.

ALL OF THE ABOVE IS SO ORDERED.