■ TRI-TERMINAL CORP., Respondent, v CITC INDUSTRIES, INC., Appellant. TRI-TERMINAL CORP., Appellant, v CITC INDUSTRIES, INC., Respondent. —Order, Supreme Court, New York County, entered March 1, 1979, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law and in the exercise of discretion, so as to grant defendant's motion to the extent of dismissing the complaint and severing defendant's counterclaim unless plaintiff obtains authority to do business in this State under section 1312 of the Business Corporation Law prior to trial, and, as so modified, affirmed, without costs and disbursements; judgment of said court entered March 30, 1979 dismissing plaintiff's complaint pursuant to such order, vacated; order of said court, entered September 5, 1979, which, *inter alia,* granted plaintiff's motion for leave to assert its original causes of action as a counterclaim, unanimously modified, to the extent of striking the first five decretal paragraphs of said order, and, as so modified, affirmed, without costs and disbursements. Plaintiff, a New Jersey corporation which leased certain real property it owned in New Jersey to defendant, commenced an action in New York against its tenant, defendant herein. Defendant in its answer interposed a counterclaim and subsequently moved, *inter alia,* to dismiss the complaint, or in the alternative, for a stay of plaintiff's action on the ground that plaintiff is doing business in New York without authority. Upon Special Term's granting this motion by directing dismissal of the complaint, plaintiff moved to strike defendant's note of issue served with respect to defendant's severed counterclaim on the ground that plaintiff should receive leave to assert its causes of action (set forth in the original complaint) as counterclaims to defendant's severed counterclaim which upon dismissal of that complaint, enjoys the status of a complaint. Special Term granted this motion. The record demonstrates that plaintiff is a foreign corporation doing business in New York without having qualified pursuant to section 1312 of the Business Corporation Law. Recent case law demonstrates that the failure to qualify is not a jurisdictional impediment. Accordingly, the more appropriate remedy was not outright dismissal of the complaint, but a conditional dismissal or a stay affording plaintiff an opportunity to cure this nonjurisdictional defect, i.e., to obtain the requisite authority. Under the circumstances herein, we have determined to modify the outright dismissal to a conditional dismissal enabling plaintiff to cure the defect by obtaining the requisite authority prior to trial. Accordingly, there is no need for plaintiff to seek and, therefore, no basis upon which to grant plaintiff's motion for leave to assert its causes of action as a counterclaim to defendant's counterclaim. Assuming such necessity was presented, we note that the issue is not free from doubt. Plaintiff was not brought before the New York court as a defendant, but voluntarily chose to avail itself of the New York court as a party plaintiff. This raises a grave issue of whether the procedural impediment of section 1312 of the Business Corporation Law may be circumvented because of the fortuitous circumstance that a defendant confronted with a lawsuit in a New York court by a foreign corporation, not authorized to do business, chose to assert a counterclaim. Concur—Kupferman, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.