■ Douglas W. Beer et al., Respondents, v F. W. Myers & Company, Incorporated, Appellant.—Order unanimously affirmed without costs. Memorandum: The Judicial Hearing Officer did not err in denying defendant's motion to dismiss the complaint for lack of jurisdiction. The record shows that the individual to whom the summons was delivered was authorized by a corporate officer to accept it on behalf of defendant (see, Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271-274). Denial of the motion to dismiss pursuant to CPLR 3211 (a) (3) and (7), based on an alleged failure to allege and prove compliance with Business Corporation Law § 1312 (a), was proper because compliance after commencement of an action is permissible (see, Hot Roll Mfg. Co. v Cerone Equip. Co., 38 AD2d 339). Furthermore, the record establishes that the corporation of which plaintiffs claim to be assignees has been authorized to do business in New York since 1979. The court did not err in finding that the validity of the plaintiffs' alleged assignment could only be determined at trial. Defendant moved to dismiss under CPLR 3211 (a) (3). Plaintiffs cross-moved for summary judgment treatment under CPLR 3211 (c). Although the parties stipulated to refer all issues to a Judicial Hearing Officer for determination, no evidence was presented at the hearing by either party with respect to an equitable assignment. (Appeal from order of Supreme Court, Erie County, Heffron, J.H.O.—dismiss complaint.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.