**CASPIAN INVESTMENTS, LTD., Plaintiff,**

v.

**VICOM HOLDINGS, LTD. and Vicom Video, Inc., Defendants.**

**CASPIAN INVESTMENTS, LTD., Plaintiff,**

v.

**VICOM VIDEO, INC., Defendant.**

Nos. 90 Civ. 7848 (KC), 91 Civ. 1004 (KC).

United States District Court, S.D. New York.

July 31, 1991.

Daniel Schanz, Breed Abbott & Morgan, New York City, for plaintiff.

David R. Jewell, Donovan Leisure Newton & Irvine, New York City, for defendants.

## MEMORANDUM AND ORDER

CONBOY, District Judge:

Defendant Vicom Video, Inc. ("Vicom Video") has moved to dismiss or stay this breach of contract action in deference to a previously commenced action pending in Ireland. For the reasons set forth below, the motion is granted and the case is dismissed.

## I.  BACKGROUND

On August 1, 1989, plaintiff Caspian Investments, Ltd. ("Caspian"), a British corporation, entered into a loan agreement ("the Agreement") with defendant Vicom Video through which it consented to loan Vicom Video $1,490,000 by way of two separate transactions. Vicom Video, a Georgia corporation that sells and rents video tapes, is a wholly-owned subsidiary of Vicom Holdings, Ltd. ("Vicom Holdings"), an Irish corporation.

Vicom Video and Vicom Holdings are joint obligors under the Agreement; Vicom Holdings pledged to guarantee and become surety to Vicom Video for prompt payment of "all Vicom Video's liabilities, present and future," up to $700,000. Bicks Aff. ¶ 16. Both parties agree that Vicom Holdings, as guarantor of the loan, is responsible for any default by Vicom Video. Butler Supp. Aff. ¶ 6; Defendants' Memo of Law in Support of Motion for Sanctions at 3. Caspian provided $440,000, the first installment of the loan, to Vicom Video on August 1, 1989. The loan was to be repaid in April 1990.

In March 1990, Caspian "learned that Vicom Holdings was being reorganized in a highly leveraged transaction." Plaintiff's

Memo of Law in Opposition to Defendants' Motion for Sanctions at 3. Concerned about Vicom Holdings' financial stability, on April 9, 1990 Caspian obtained a restraining order from the High Court of Ireland preventing Vicom Holdings from reducing its assets below $455,000.

Vicom Video did not repay the loan on the April due date. The restraining order was discharged on May 14th, and on May 25th Caspian filed an injunctive suit in the High Court of Ireland "to prevent the reorganization [of Vicom Holdings] until Caspian could be guaranteed that sufficient assets would remain to cover the loan agreement guarantee." Plaintiff's Memo of Law at 3.

Vicom Holdings repaid the entire loan and interest on behalf of Vicom Video between June and September of 1990. However, Caspian alleges that Vicom Video and Vicom Holdings did not fulfill various additional obligations, including a commitment to issue shares of Vicom Video stock to Caspian. Caspian claims that, as a result, Vicom Video must pay a higher "default" interest rate.

On January 23, 1991, the Irish High Court ordered Caspian to furnish adequate security for Vicom Holdings' costs in the Irish action; the Irish action has been stayed until Caspian produces the security payment.

Meanwhile, on December 7, 1990, Caspian brought suit in the Southern District of New York against Vicom Video and Vicom Holdings (docket No. 90 Civ. 7848). In its complaint, Caspian set forth claims for breach of contract and sought a declaratory judgment requiring Vicom Video and Vicom Holdings to fulfill their obligations under the Agreement, including payment of $250,000 (representing the value of a disputed "put" option), and the default interest. Caspian premised subject matter jurisdiction over this dispute on diversity pursuant to 28 U.S.C. § 1332. Complaint ¶ 4.

On January 29, 1991, Vicom Video and Vicom Holdings moved to dismiss the Southern District action on procedural grounds. First, the defendants contended that the court lacked subject matter jurisdiction over the dispute because Caspian is a British corporation, Vicom Holdings was incorporated in Ireland, and the presence of aliens on both sides of an action defeats diversity jurisdiction. Second, Vicom Video and Vicom Holdings contended that Caspian lacked authority to maintain the suit because Caspian is not authorized to do business in New York and is therefore barred from maintaining a suit under N.Y. Bus. Corp. Law § 1312.[1] The defendants also moved, in the alternative, to dismiss or stay the action in deference to the previously commenced action pending in Ireland.

Rather than file an opposition to Vicom Video and Vicom Holdings' motion to dismiss, Caspian filed a "Response" in which it agreed voluntarily to withdraw the complaint "in the interest of judicial economy," although Caspian protested that Vicom's objection was merely "technical," and supportable only through a "quirk of subject matter jurisdiction practice." Plaintiff's Response to Defendants' Motion to Dismiss at 1. Thereafter, Caspian filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1). This order was never signed by the Court, and the file for No. 90 Civ. 7848 has not been closed. On the same day it filed its Rule 41(a)(1) notice, Caspian filed a new action against Vicom Video alone (docket No. 91 Civ. 1004), alleging the same causes of action as it had asserted in its original Southern District complaint.[2] On March 7, 1991, Vicom Video submitted an additional Memo of

---

1. N.Y.Bus.Corp.Law § 1312 states in relevant part, "A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state."

2. Because Caspian purported unilaterally to dismiss No. 90 Civ. 7848 and then commenced a new action, some confusion exists regarding the status of the two actions filed in this court. We will treat the complaint in No. 91 Civ. 1004 as an amended complaint in No. 90 Civ. 7848, treat the papers filed in No. 91 Civ. 1004 as filed in No. 90 Civ. 7848, and close the file on No. 91 Civ. 1004.

Law in support of its motion to dismiss, in which it reiterates and incorporates by reference some of the defenses it had put forth in response to Caspian's first complaint. Vicom Video contends that Caspian's continued violation of N.Y.Bus.Corp. Law § 1312[3] is now particularly egregious because Caspian was on notice of this defect prior to filing the second action, and moves again that the action be conditionally dismissed or stayed. Alternatively, Vicom Video moves that the New York action be dismissed or stayed pending the resolution of the previously commenced Irish lawsuit. Caspian responds that a stay would be inappropriate because Vicom Video is not a defendant in the Irish action and because the defendants had agreed to a New York forum.

Finally, Vicom Video moves for the imposition on Caspian of sanctions pursuant to Fed.R.Civ.P. 11 based on Caspian's complaint in No. 90 Civ. 7848, which asserted a facially invalid basis for diversity jurisdiction.

## II. DISCUSSION

### A. *Violation of N.Y. Bus. Corp. Law § 1312*

█ We first address the consequences of Caspian's conceded failure to apply for authority to do business in New York pursuant to § 1312 before commencing its present action against Vicom Video. Both parties now agree that the statute does not prohibit an unlicensed corporation from *commencing* an action, only from continuing, or "maintaining," the suit. Defendants' Reply Memo of Law at 6–7, n. 5.[4] The court need not dismiss an action for failure of a party to register under § 1312 provided that the noncomplying party cures the violation before judgment. *S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 853 (2d Cir.1987) (citing *Grand Bahama Petro-*

*leum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1326 (2d Cir.1977)); *Beer v. F.W. Myers & Company, Inc.*, 159 A.D.2d 943, 552 N.Y.S.2d 796 (4th Dept.1990); *Hot Roll Manufacturing Co. v. Cerone Equipment Co.*, 38 A.D.2d 339, 329 N.Y.S.2d 466 (3d Dept.1972).

█ Vicom Video has asked the court to conditionally dismiss or stay the action until Caspian has cured its lack of capacity. Indeed, a conditional dismissal or stay is ordinarily an appropriate response to a violation of § 1312. *S & K Sales*, 816 F.2d at 853 (citing *Tri–Terminal Corp. v. CITC Industries, Inc.*, 78 A.D.2d 609, 432 N.Y.S.2d 184, 185 (1st Dept.1980)); *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731 (2d Cir.1983) (affirming the district court's order of conditional dismissal that provided that plaintiff's actions would be dismissed unless it qualified to do business in New York within sixty days). Because we are convinced that we must dismiss the case before us in deference to the Irish action, however, we need not determine whether a conditional dismissal on grounds of failure to register pursuant to § 1312 is warranted in this instance.

### B. *Action Pending in Ireland*

Vicom Video has also sought to have the present case dismissed in favor of the pending Irish action; in the alternative, it has urged the court to stay this action pending the outcome of the earlier case. Considerations of judicial efficiency and fairness to the parties indicate that the present action should be dismissed. Dismissal is also consistent with the principle of international comity, which the Supreme Court has described as "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to interna-

---

**3.** In March 1991 Caspian stated that it would file an application before the 28th of that month. Plaintiff's Memo of Law in Opposition to Defendants' Motion for Sanctions at 9. As of March 27, 1991, however, it had not done so, Bicks Reply Aff., Exh. A, and we have to date not received any indication that the application has been filed.

**4.** While the defendants do object to the "propriety" of Caspian's decision to file the second federal action despite being on notice of its failure to comply with § 1312, Reply Brief at 6–7, n. 5, they have not requested sanctions on this ground, nor would we be inclined to grant such a request in these circumstances.

tional duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Cunard S.S. Co. v. Salen Reefer Services AB,* 773 F.2d 452, 456 (2d Cir. 1985) (quoting *Hilton v. Guyot,* 159 U.S. 113, 164, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895)).

We recognize that federal courts have traditionally been reluctant to decline jurisdiction in view of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). This obligation is not absolute, however. Although the Supreme Court has not defined the standard for dismissing a diversity case in favor of a parallel suit pending in a foreign forum, it has recognized that a federal court may under certain circumstances dismiss a case in deference to another suit pending in a state or federal court, noting that courts should consider issues of "wise judicial administration, ... conservation of judicial resources, and comprehensive disposition of litigation," and that "as between federal district courts ... the general principle is to avoid duplicative litigation." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Similar considerations must guide our analysis here.

■ The relevant factors in determining whether to grant a stay or a dismissal because of litigation in an overseas forum include the similarity of parties and issues involved, promotion of judicial efficiency, adequacy of relief available in the alternative forum, considerations of fairness to all parties and possible prejudice to any of them, and the temporal sequence of filing for each action. *Ronar, Inc. v. Wallace,* 649 F.Supp. 310, 318 (S.D.N.Y.1986); *Continental Time Corp. v. Swiss Credit Bank,* 543 F.Supp. 408, 410 (S.D.N.Y.1982) (dismissing a New York action regarding a letter of credit agreement in favor of Swiss litigation which had been commenced six months earlier and which presented the same claims and issues); *I.J.A., Inc. v. Marine Holdings, Ltd., Inc.,* 524 F.Supp. 197

(E.D.Pa.1981). *See also Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1247 (listing factors a federal court should consider before dismissing a case because of a parallel suit in a state court); *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (federal courts have inherent power to stay litigation in deference to pending foreign action).

■ Although the defendants in the two actions are different corporations, parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action. *Landis,* 299 U.S. at 254, 57 S.Ct. at 165–66 (court may stay proceedings in deference to foreign action even if parties and issues are not identical); *Herbstein v. Bruetman,* 743 F.Supp. 184, 188 (S.D.N.Y.1990) (comity requires that the parties and issues in both cases must be sufficiently similar that doctrine of res judicata would apply); *Continental Time Corp.,* 543 F.Supp. at 410 (New York action dismissed even though it included parties and claims different from those in the foreign suit).

■ In the present case, the two defendants are closely linked: one defendant is a wholly-owned subsidiary of the other, and the two are jointly liable under the terms of the agreement. In all other respects the two actions are virtually identical. Both actions involve interpretation of the same loan agreements; in both actions Caspian alleges the same violations by both defendants of identical contractual obligations and seeks the same relief. The actions are sufficiently similar to allow a stay or dismissal in deference to the Irish action. Most importantly, Vicom Holdings has agreed to submit to the jurisdiction of the Irish court and to be bound by any determination by that court. Bicks Aff. ¶ 8; Defendants' Memo of Law at 3; Defendants' Reply Memo of Law at 10; Butler Supp. Aff. ¶ 9.

The temporal sequence of the actions is also relevant. Caspian commenced the Irish action eight months before it filed suit in New York. Under the principles of comity, priority is generally given to the suit first filed. *Ronar,* 649 F.Supp. at 318

(an action should be dismissed or stayed when a prior action has been filed in a foreign country among similar parties, particularly when the foreign action has progressed beyond an initial stage). *See also Herbstein,* 743 F.Supp. at 190 (action not dismissed in favor of foreign litigation because foreign action was "still in its preliminary stages"); *Continental Time Corp.,* 543 F.Supp. at 409 (action dismissed because, *inter alia,* it was instituted six months after foreign action brought); *Brinco Mining Ltd. v. Federal Insurance Co.,* 552 F.Supp. 1233, 1241–42 (D.D.C.1982) (court deferred to foreign proceedings which had "progressed beyond 'incipiency'" through filing of answer). Deference to the suit first filed is particularly appropriate where, as here, the plaintiff itself commenced the original suit. The Irish suit, brought sixteen months ago, has proceeded beyond an initial stage. The equivalents of a complaint and answer have been filed, extensive discovery has been completed, and the attorney representing Vicom in Ireland attests that a trial is imminent. Butler Aff. ¶ 13.

A stay or dismissal would also serve the goals of judicial efficiency, judicial consistency, and fairness to the parties. In the pending Irish case, the foreign court will be required to interpret the contractual obligations of Vicom Video. Compelling Vicom Video and Vicom Holdings to defend against identical claims in New York and Ireland would be unfair to the parties as well as an unwise use of judicial resources, and would raise the possibility of inconsistent interpretations of the same document.

■ There is no indication that Caspian or either defendant will be prejudiced or treated unjustly if the entire dispute is resolved in the Irish courts. Vicom Video states that the Irish Court is willing to consider the claims against both defendants. Butler Supp.Aff. ¶¶ 8, 9. Vicom

Video also asserts that Vicom Holdings has supplied, or will supply, to the Irish court all documents and witnesses needed to ascertain Vicom Video's rights and obligations. Butler Aff. ¶ 7; Butler Aff. Exh. I at 4–23. Indeed, as Caspian invoked the jurisdiction of the Irish court in the initial action, Caspian cannot assert that the Irish court will not afford substantial justice to its claims.[5]

Having decided that the Southern District action should not proceed while a nearly identical action is underway before a foreign court, we must determine whether the New York action should be stayed or dismissed. The court has the power to impose either remedy, at its discretion, in deference to parallel proceedings pending in a foreign forum. *Continental Time Corp.,* 543 F.Supp. at 410 (dismissing later New York suit where earlier foreign action would resolve issues in the New York dispute); *Kenner Products Co. v. Societe Fonciere et Financiere Agache–Willot,* 532 F.Supp. 478, 479 n. 2 (S.D.N.Y.1982) (staying New York action in deference to similar French proceeding, but stating that the New York action would be dismissed if the plaintiff preferred). *See also Herbstein,* 743 F.Supp. at 188. As the Irish court is expected to resolve all issues presented in this dispute, we see no reason to prolong the proceedings further by granting a stay of the New York action instead of a dismissal.

Therefore, in the interest of fairness, judicial efficiency, and comity, and in reliance on Vicom Video's repeated representations that it agrees to submit to the jurisdiction of the Irish court and agrees to be bound by any determination by that court, we dismiss the case before us in favor of the previously commenced Irish action.

## C. *Sanctions*

■ Finally, we turn to the defendants' motion that Rule 11 sanctions be imposed

---

5. Although Caspian emphasizes that the New York action should proceed because the loan agreement specified a New York forum, Caspian appears to have waived the forum selection clause by bringing the initial suit in Ireland. Even if Caspian had not waived the forum selection provision, such clauses are not enforceable if, as here, enforcement is "unreasonable" or violates principles of comity and judicial efficiency. *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *Kenner Products Co. v. Societe Fonciere et Financiere Agache–Willot,* 532 F.Supp. 478, 479–80 (S.D.N.Y.1982).

against counsel for Caspian.[6] In light of Caspian's assertions in its original complaint that this court had subject matter jurisdiction, despite the clear dictates of the rules of diversity and alienage, we find it necessary to impose Rule 11 sanctions.

■ It is a fundamental principle of federal civil procedure that no diversity exists in a suit between two aliens. 28 U.S.C. § 1332(a)(2). Even if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation. *International Shipping Co., S.A. v. Hydra Offshore Inc.*, 875 F.2d 388, 391 (2d Cir.1989); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980).

Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985). Caspian concedes that it had improperly invoked the court's subject matter jurisdiction in its original complaint, and that it became aware of this error only after reading Vicom's motion to dismiss. Plaintiff's Memo of Law in Opposition to Defendants' Motion for Sanctions at 4; Bicks Aff. ¶ 9.

■ Caspian argues that Rule 11 sanctions arising from Caspian's choice of forum are inappropriate because Vicom Video and Holdings agreed to a New York

forum through a forum selection clause in the Agreement. This contention is without merit. Because parties cannot create federal subject matter jurisdiction by consent where it does not lie, the existence of the forum selection clause is irrelevant. The principle that subject matter jurisdiction cannot be created by consent is even more basic than the alien diversity rule, and counsel's misapprehension regarding this principle does not excuse the filing of the complaint where no subject matter jurisdiction existed.

We find that counsel for Caspian failed to exercise reasonable efforts to ascertain, before filing the original complaint, whether the court had subject matter jurisdiction, and therefore sanctions are warranted. We direct Vicom Holdings and Vicom Video to submit within fifteen days bills detailing reasonable attorney's fees and other expenses incurred in responding to the original complaint.[7]

## III. CONCLUSION

Vicom Video's motion to dismiss the action in deference to the previously commenced action pending in Ireland is granted, in reliance on Vicom Video's representations to this Court that it agrees to submit to the jurisdiction of the Irish court and to be bound by any determination by that court. Rule 11 sanctions will be imposed on Caspian's original counsel, John Colangelo, as a result of Caspian's improper invocation of this court's subject matter jurisdiction in its original complaint. The

---

6. We refer here to Caspian's original counsel, John Colangelo of the firm of Fabricant, Yeskoo & Colangelo. We note that on March 5, 1991 Craig Blackman of the firm Stradley, Ronon, Stevens & Young was admitted *pro hac vice* in this action, and that on May 30, 1991 we granted the motion of Fabricant, Yeskoo & Colangelo to withdraw as Caspian's local counsel and to substitute the law firm of Breed, Abbott & Morgan. We note also that Stradley, Ronon, Stevens & Young is listed as "of counsel" on the original complaint's signature page. The motion for Rule 11 sanctions, however, applies only to Mr. Colangelo, the attorney who signed Caspian's original complaint. *See Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (Rule

11 sanctions are applicable to signing attorney personally, not to law firm).

7. We note that the defendants' Motion to Dismiss and the supporting Memorandum of Law are only partially devoted to discussion of the jurisdictional issue, and that the other matters addressed in those documents remained relevant to the second action; indeed, the defendants' memorandum in support of their motion to dismiss the second action incorporated by reference parts of their original Memorandum. The defendants should take this fact into consideration when calculating attorney's fees and expenses incurred as a result of Caspian's flawed complaint.

amount of the sanctions will be determined in a future order.

The Clerk of the Court is directed to close the file in No. 91 Civ. 1004 and transfer the papers filed in this action to the file in No. 90 Civ. 7848. The complaint in No. 91 Civ. 1004 is deemed to be an amended complaint in No. 90 Civ. 7848. The amended complaint is dismissed with prejudice. We retain jurisdiction over No. 90 Civ. 7848 for the purpose of determining the appropriate sanction for plaintiff's violation of Rule 11.

SO ORDERED.