OPINION
{¶ 1} Plaintiffs-Appellants, M.E. Jones Sub, Ltd., f/k/a W2Com, LLC; M.E. Jones, Inc.; CYMI, Ltd.; and Mitchell E. Jones (hereinafter collectively referred to as Jones), appeal a September 9, 2002 decision of the Montgomery County Court of Common Pleas, which dismissed Jones' claims against Defendants-Appellees, Arel Communications and Software, Ltd.; Arel Acquisitions, Inc.; and Itzak Gross (hereinafter collectively referred to as Arel). The trial court also stayed proceedings for one year as to claims against Defendant-Appellant, National City Bank and as to National City's counter and cross claims.
 {¶ 2} This case arises out of the sale of a Dayton, Ohio business, W2Com, to an Ohio Corporation and its Israeli affiliate. Following lengthy negotiations, Arel acquired W2Com in mid-2000, pursuant to a written purchase agreement. As part of the purchase price, Arel gave Jones $42,000,000 in Arel stock, which was to be held in escrow by National City Bank. In a multi-part purchase agreement, the parties agreed to numerous conditions on the sale, one of which was an agreement that Israeli law would govern the contract.
 {¶ 3} Unfortunately, W2Com did not prosper as expected, and various disputes erupted between the parties. Both parties sought release of the Arel stock held in escrow by National City Bank, who notified the parties on May 14, 2002 that, pursuant to the terms of the purchase contract, the bank would be filing an interpleader action in 30 days if an agreement could not be reached. As a result, in June, 2002 Arel filed suit against Jones and National City in the District Court of Jerusalem, Israel, alleging breach of contract. Later the same month Jones filed a civil suit against Arel and National City in the Montgomery County Court of Common Pleas. Jones alleged fraudulent inducement, fraud, negligent misrepresentation, and breach of certain covenants of good faith and fair dealing.
 {¶ 4} The following month Arel filed a motion to stay or to dismiss the Ohio case on the grounds of either international comity or forum non conveniens. After the parties responded to Arel's motion, the trial court granted the motion to dismiss Jones' claims against Arel. The court also stayed the claims involving National City for one year.
 {¶ 5} Jones appeals raising two interrelated assignments of error.
 {¶ 6} "The Trial Court Erred When It Dismissed The Ohio Plaintiffs' Claims Against The Arel Defendants.
 {¶ 7} "Staying The Ohio Case On Grounds Of Comity Would Cause Tremendous Inconvenience, Delay, And Substantive Legal Prejudice To The Ohio Plaintiffs."
 {¶ 8} The decision of whether or not to grant a motion to dismiss, including motions based on claims of international comity or forum non conveniens, lies within the sound discretion of the trial court. See, e.g., State v. Adamson (1998), 83 Ohio St.3d 248, 250,1998-Ohio-284, citations omitted; Chambers v. Merrell-DowPharmaceuticals, Inc. (1988), 35 Ohio St.3d 123, 127, 519 N.E.2d 370;United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.
(S.D.N.Y. 2002), 216 F. Supp.2d 198, 209, 212, citations omitted. Accordingly, the trial court's ruling will not be reversed absent an abuse of discretion. "`The term `abuse of discretion' connotes more than an error of judgment or law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.'" Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, additional citations omitted. For the reasons that follow, we cannot say that the trial court abused its discretion in granting Arel's motion to dismiss or in staying the proceedings against National City Bank.
 {¶ 9} The principle of international comity is "`the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.'" CaspianInvestments, Ltd. v. Vicom Holdings, Ltd. (S.D.N.Y. 1991),770 F. Supp. 880, 883-84, quoting Cunard S.S. Co. v. Salen ReeferServices AB (2nd Cir. 1985), 773 F.2d 452, 456, in turn quoting Hiltonv. Guyot (1895), 159 U.S. 113, 164, 16 S.Ct. 139. When nearly identical actions are underway in both an American court and in a foreign court, the American court has the discretion to decide whether it should stay or dismiss its proceedings in deference to the parallel proceedings in the foreign court. Caspian, supra, at 885, citations omitted.
 {¶ 10} The Caspian court established five factors to be balanced when determining whether to grant a motion for stay or dismissal in favor of litigation in an overseas forum. Id., at 884. Those factors are as follows: "the similarity of parties and issues involved, promotion of judicial efficiency, adequacy of relief available in the alternative forum, considerations of fairness to all parties and possible prejudice to any of them, and the temporal sequence of filing for each action." Id., citations omitted. In the instant case, we agree with the trial court that these factors weigh in favor of dismissal of the Ohio case against Arel and in favor of staying the proceedings against National City Bank.
 {¶ 11} First, as to Jones and Arel there is a similarity of parties and issues in the Israeli and Ohio cases. The parties and issues need not be exactly the same. Caspian, supra, at 884, citations omitted. The parties in the Ohio and Israeli cases are essentially the same. Moreover, a review of the two complaints illustrate that both cases involve the interpretation of a purchase agreement between Jones and Arel and the disputes arising therefrom. Concerning National City, however, the issues are somewhat dissimilar because they involve an escrow agreement and are an extension of the issues regarding the purchase agreement between Jones and Arel.
 {¶ 12} Second, it would clearly be more efficient, reliable, and accurate for an Israeli court to construe and apply Israeli law regarding the claims between Jones and Arel. Additionally, judicial economy would be promoted by the case proceeding in only one forum rather than two. However, the same would not be true for the claims involving National City because those claims are based on an escrow agreement, which is governed entirely by Ohio law.
 {¶ 13} Third, there is no reason to believe that there is an inadequate remedy available in Israel. This factor is of particular significance because Jones agreed in the purchase agreement to be bound by Israeli law and whatever relief it would afford, regardless of however inadequate Jones now perceives that relief to be. Even if the Ohio case were to proceed, the trial court could not afford any remedy unavailable under Israeli law. Furthermore, any ruling issued by the Israeli court is enforceable in Ohio.
 {¶ 14} Fourth, we agree with the trial court that it would be more unfair to require Arel to litigate in Ohio than it would be to require Jones to litigate in Israel. Once again, this is primarily because the parties agreed in their purchase agreement to be governed by Israeli law. However, National City was not a party to the purchase agreement. Instead, National City was only party to the escrow agreements, which are governed entirely by Ohio law. Therefore, National City would be greatly prejudiced if forced to litigate in Israel.
 {¶ 15} Finally, the Israeli suit was filed and Jones was served just days before the Ohio case was filed. Because the two suits were filed within a matter of days of each other, we find the temporal sequence of the filing of the two suits to be insignificant.
 {¶ 16} Because the Caspian factors weigh in favor of dismissal of Jones' claims against Arel, the trial court did not abuse its discretion in dismissing those claims. Additionally, because the Caspian factors weigh in favor of staying Jones' claims against National City, the trial court did not abuse its discretion in staying those claims for one year while Jones and Arel's disagreements are resolved. Moreover, in light of these conclusions, there was no need for further consideration under a forum non conveniens analysis. For these reasons, we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable.
 {¶ 17} Both Jones' first and second assignments of error are overruled.
 {¶ 18} The judgment of the trial court is hereby affirmed.
FAIN, P.J., concurs.