**PALM BAY INTERNATIONAL, INC., Plaintiff,**

v.

**MARCHESI DI BAROLO S.P.A., Defendant.**

No. 09–CV–601 (ADS)(AKT).

United States District Court, E.D. New York.

Oct. 3, 2009.

Ettelman & Hochheiser, P.C., by Gary Ettelman, Esq., Suzanne Fertig, Esq., of Counsel, Garden City, NY, for Plaintiff.

Duane Morris LLP, by Rachel G. Pontikes, Esq., Larry Selander, Esq., John Dellaportas, Esq., Javier Chavez, Jr., Esq.,

Christopher Petelle, Esq., of Counsel, New York, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit between Palm Bay International, Inc. ("Palm Bay"), a New York wine distributor and Marchesi Di Barolo, S.P.A., an Italian wine producer, centers on a dispute concerning defective wine and Marchesi's termination of the parties' contract. Palm Bay filed a complaint on February 12, 2009 alleging damages arising from the defective wine and Marchesi's termination of the parties' Importation Agreement. Eight days earlier, Marchesi commenced a separate action in an Italian court arising out of the same basic set of facts. Presently before the Court is Marchesi's motion to dismiss the complaint based on forum non conveniens and in deference to the Italian litigation. For the reasons that follow, Marchesi's motion is denied.

### I. BACKGROUND

Palm Bay imports wine throughout the United States and has corporate offices in both Florida and Long Island. Marchesi is an Italian company that produces, bottles, and distributes Italian wines. In 1994, Palm Bay entered into a written agreement ("Importation Agreement") with Marchesi for the exclusive right to import Marchesi's wine in the United States.

In January of 2008, Palm Bay received numerous complaints from customers concerning defective wine supplied by Marchesi. According to Palm Bay, the wine had a "noxious smell and taste" and, in some cases, customers reported that the bottles exploded or shattered. Palm Bay recalled the offending wine, allegedly in-

curring costs of $1.7 million and then sought reimbursement from Marchesi. Marchesi alleges that it attempted to "cure" the defective product and resolve the dispute in good faith. Nevertheless, after the parties were unable to reach a resolution, Palm Bay deducted $650,000 from an invoice it owed to Marchesi in order to offset losses incurred as a result of the recall. Marchesi responded by terminating the Importation Agreement.

On February 4, 2009 Marchesi brought suit in an Italian court seeking a declaration that: (1) Terrenostre SCA ("Terrenostre"), a third party that bottled the wine, is liable for the defective wine; (2) Palm Bay's claim of $1.7 million is baseless; (3) Marchesi does not owe Palm Bay any amount in damages; and (4) in the event that the court finds for Palm Bay, Terrenostre must indemnify Marchesi. Eight days later Palm Bay brought suit in this Court seeking damages of $1.7 million stemming from the defective wine and $10 million in damages arising from Marchesi's termination of the Importation Agreement. Marchesi now seeks dismissal of the complaint based on forum non conveniens and in deference to the pending Italian litigation.

## II. DISCUSSION

### A. Standard—Forum Non Conveniens

The Second Circuit has outlined a three step analysis to evaluate a motion to dismiss based upon forum non conveniens. First, a court must determine the degree of deference owed to a plaintiff's choice of forum. *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 70–72 (2d Cir.2001). Second, a court must ask whether there is an adequate alternative forum. *Iragorri*, 274 F.3d at 73. If an adequate alternative forum exists, a court must balance the private and public interests at stake to determine if the defendant has overcome the deference owed to the plaintiff's choice of forum. *Id.* at 73–75.

"In considering these factors, the court is necessarily engaged in a comparison between the hardships defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer as the result of dismissal and the obligation to bring suit in another country." *Id.* at 74. Ultimately, the decision to dismiss a case based on forum non conveniens is "committed to the district court's discretion." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000).

### 1. The Deference Owed to the Plaintiff's Choice of Forum

There is a strong presumption that a plaintiff has a right to choose his forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). This presumption is particularly strong when a plaintiff has chosen to commence a lawsuit in his home forum. *Iragorri*, 274 F.3d at 71 (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 256 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Accordingly, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

The Second Circuit has instructed courts to use a sliding scale to determine the appropriate level of deference owed to the plaintiff's choice of forum. Under this sliding scale, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain

dismissal for forum non conveniens." *Iragorri*, 274 F.3d at 72.

Palm Bay, a company with its principal place of business in New York, has chosen to litigate this dispute in its home forum. As such, Palm Bay's choice of forum is entitled to a considerable degree of deference.

### 2. The Adequacy of the Alternative Forum

■ "An alternative forum is adequate if: (1) the defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute." *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d Cir.1998). Here, the Court finds that the Italian court is an adequate alternative forum. There is no dispute that Marchesi, an Italian company, is amenable to service of process in Italy. Palm Bay also does not appear to dispute that the Italian court would permit litigation of the parties' underlying dispute. Thus, following the Second Circuit's guidance, the Court must weigh the private and public convenience factors to determine if the defendant can overcome the considerable deference owed to the plaintiff's forum choice.

### 3. The Private and Public Convenience Factors

Where a court finds that an adequate alternative forum exists, "it must balance two sets of factors to ascertain whether the case should be adjudicated in the plaintiff's chosen forum or in the alternative forum proposed by the defendant." *Iragorri*, 274 F.3d at 73. "The first set of factors considered are the private interest factors-the convenience of the litigants." *Id.* However, courts are also required to consider "public interest factors." *Id.* at 74. First, the private interest factors will

be considered. A discussion of the public interest factors will follow.

#### a. The Private Factors

■ The private factors include the relative ease of access to evidence, the availability of compulsory attendance for unwilling witnesses, the cost to transport witnesses, and any other practical considerations. *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839.

Palm Bay argues that litigating this matter in the United States will be more convenient because two critical pieces of evidence—the bottles of offending wine and the company's financial data—are located in this country. Marchesi counters that since the offending wine was produced in Italy, the Italian court provides a more convenient forum. The Court finds that, under the circumstances, this factor does not decidedly favor either forum.

The parties also disagree about whether most of the key witnesses are located in New York or Italy. Palm Bay asserts that "all the key witnesses are located in New York and the United States." In particular, Palm Bay contends that witnesses who will testify concerning the defective wine and the damages arising out of Marchesi's termination of the Importation Agreement all live in the United States. Marchesi counters that the "lion's share" of its witnesses are from Italy but does not provide any further detail as to who these witnesses are or why their testimony may be necessary.

■ "While parties are not required to submit detailed affidavits identifying witnesses they would call, they 'must provide enough information to enable the District Court to balance the parties' interests.'" *Cromer Finance Ltd. v. Berger*, 158 F.Supp.2d 347, 359 (S.D.N.Y.2001) (quoting *Piper Aircraft*, 454 U.S. at 258, 102 S.Ct. 252). Here, Marchesi has provided

the Court with very limited information regarding its Italian witnesses. On the other hand, Palm Bay has explained to the Court's satisfaction that there are key witnesses who reside in the United States, including: (1) witnesses who will testify regarding the offending wine and the exploding bottles; and (2) witnesses with knowledge of the damages arising from Marchesi's termination of the Importation Agreement. Accordingly, this factor weighs against dismissal.

■ Nevertheless, Marchesi argues that a practical consideration—namely its potential inability to implead Terrenostre in this action—weighs in favor of dismissal. Marchesi wants to implead Terrenostre, a third party that bottled the offending wine. The Court recognizes that a party's inability to implead a potential third party defendant is an important factor in the forum non conveniens calculus. *Piper Aircraft*, 454 U.S. at 259, 102 S.Ct. 252. However, Marchesi fails to articulate—and the Court is unable to determine—why Terrenostre cannot be impleaded here. Since it is unclear why Marchesi would actually be unable to implead Terrenostre, the Court cannot assign great weight to this consideration.

Given that the "location of witnesses" factor tips in favor of Palm Bay and that all the remaining considerations appear to be neutral at best, the private interest factors on the whole do not outweigh the strong presumption in favor of Palm Bay's forum choice.

### b. The Public Factors

■ The public convenience factors courts must consider include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having local disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252.

Here, Marchesi addresses only one of these factors. Marchesi goes on at some length to convince the Court that the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), and not New York law, will govern the parties' dispute. The apparent implication of this discussion is that the "foreign law" factor counsels in favor of deferring to the Italian court because this Court will have some difficulty in interpreting and applying the CISG.

However, even if the Court assumes for the purposes of this motion that the CISG governs the instant dispute and further assumes that the CISG can be properly characterized as foreign law, Marchesi's argument is still unpersuasive. Federal courts, including this Court, have had little difficulty in interpreting and applying the CISG. *See Delchi Carrier v. Rotorex Corp.*, 71 F.3d 1024, 1027–28 (2d Cir.1995), *Chicago Prime Packers v. Northam Food Trading*, 408 F.3d 894, 898–99 (7th Cir.2005); *Genpharm Inc. v. Pliva–Lachema a.s.*, 361 F.Supp.2d 49, 53–54 (E.D.N.Y.2005) (Spatt, J). As such, the Court does not share Marchesi's apparent concern about the potential difficulties in applying the CISG.

More importantly, this case has clear ties to the United States and to New York in particular. The Importation Agreement was negotiated in New York, Palm Bay's principal place of business. The essential object of the Importation Agreement was to create a distribution network for Marchesi wines in the United States. The offending wine and wine bottles that pre-

cipitated this dispute were discovered by Palm Bay customers throughout the United States. As such, there is a local interest in deciding this dispute here.

Ultimately, neither the private nor public convenience factors outweigh the strong presumption in favor of the Plaintiff's choice of forum. If anything, these factors weigh in favor of litigating this case in the United States. Accordingly, Marchesi's motion to dismiss the complaint on forum non conveniens grounds is denied.

## B. Whether the Complaint Should be Dismissed in Favor of the Italian Litigation

■■■■■ Generally, "[t]he mere existence of parallel foreign proceedings does not negate the district courts' 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Royal and Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.,* 466 F.3d 88, 92 (2d Cir. 2006) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). Indeed, "exceptional circumstances" must exist in order to warrant dismissal in deference to a foreign action. *Royal and Sun Alliance,* 466 F.3d at 93. However, principles of international comity dictate that, under certain circumstances, a court should "dismiss a case before it in deference to a parallel action pending in a foreign jurisdiction." *Republic of Colombia v. Diageo North America Inc.,* 531 F.Supp.2d 365, 412 (E.D.N.Y.2007) (citing *Royal and Sun Alliance,* 466 F.3d at 92).

■■■■ Although the Second Circuit has noted that the boundaries of international comity are "fuzzy" and "amorphous," certain guidelines can be gleaned from the caselaw. "In the context of parallel proceedings in a foreign court, a district court should be guided by the principles upon which international comity is based: the proper respect for litigation in and the

courts of a sovereign nation, fairness to litigants, and judicial efficiency." *Royal and Sun Alliance,* 466 F.3d at 94 (citations omitted). Factors that courts should consider include "the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternative forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." *Id.* (citations omitted).

The Court has already addressed several of these considerations in the context of Marchesi's forum non conveniens motion and need not repeat a discussion of these factors. It suffices to note that although the Italian court appears to be an adequate alternative forum, the case has a stronger connection to the United States than to Italy. The Court has also found that litigating the case in the United States would appear to be more convenient. The remaining factors relevant to the question of whether to defer to the Italian Court will be addressed in turn.

## 1. The Similarity of the Parties and Issues

■■■ The greater the similarity between the parties and issues in the foreign and domestic actions, the more this factor weighs in favor of dismissal. *Caspian Inv. v. Vicom Holdings,* 770 F.Supp. 880, 884 (S.D.N.Y.1991). Here, the parties to the respective litigations are almost identical. Marchesi and Palm Bay are parties in both actions. Terrenostre is a party to the Italian action and may well become a party to this action if Marchesi decides the company should be impleaded. This factor therefore weighs in favor of dismissal.

There are two separate though related issues in this litigation. Palm Bay seeks remuneration in the amount of $1.7 for

damages stemming from its recall of the offending wine. Palm Bay also seeks $10 million in damages arising from Marchesi's allegedly improper termination of the Importation Agreement. There is no question that the Italian litigation concerns the dispute over damages related to the defective wine. However, there is no indication that the propriety of Marchesi's termination of the Importation Agreement is at issue in the Italian litigation. Accordingly, because one of the principle issues in this litigation will not be addressed in the Italian action, this factor weighs against dismissal.

### 2. The Temporal Sequence of the Filings

Marchesi argues that this factor weighs in favor of dismissal because it commenced the Italian litigation eight days before Palm Bay filed suit in New York. It is true that courts generally defer to the first-filed action. *See Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc.*, 949 F.Supp. 1123, 1128 (S.D.N.Y.1997) (deferring to foreign litigation that was commenced one and a half years prior to domestic action); *Advantage Intern. Mgmt., Inc. v. Martinez*, 93–CV–6227, 1994 WL 482114, at *3 (S.D.N.Y. Sep. 7, 1994) (deferring to foreign litigation that was commenced three years before domestic action); *Continental Time Corp. v. Swiss Credit Bank*, 543 F.Supp. 408, 410 (S.D.N.Y.1982) (deferring to foreign litigation that was commenced six months prior to domestic action). In this case, however, Palm Bay filed only eight days after Marchesi. There is also no indication that the Italian litigation has reached a more advanced stage than this action. Accordingly, this factor is accorded only minimal weight.

### 3. Prejudice to the Parties

Marchesi contends that allowing this case to go forward would be unfair be-

cause: (1) it may not be able to implead Terrenostre; (2) there is a possibility of inconsistent rulings; and (3) it would incur the cost of litigating in two separate forums. The Court has already noted that Marchesi has failed to offer a compelling argument for why it would be unable to implead Terrenostre so this consideration carries no weight in the Court's analysis. The possibility of inconsistent rulings certainly exists concerning liability for the defective wine. However, given that the Italian litigation apparently will not resolve Palm Bay's claim regarding the termination of the Importation Agreement, it would be extremely unfair to dismiss the current litigation in favor of the Italian action. Although the Court recognizes that it may be costly to litigate these separate actions, this concern does not outweigh the prejudice Palm Bay would suffer if its complaint is dismissed in favor a foreign action that does not encompass one of its two principal claims.

The only factor that weighs strongly in favor of dismissal is the similarity of the parties. Although the temporal sequence of the filings somewhat favors dismissal, the Court gives this consideration only minimal weight under the circumstances. In sum, Marchesi has failed to show that "exceptional circumstances," justifying a dismissal exist in this case. Accordingly, dismissing the complaint in deference to the pending Italian litigation is not appropriate.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Marchesi's motion to dismiss the complaint is **DENIED.**

**SO ORDERED.**