| |
|---|
| **Empire LLC v Fteha** |
| 2026 NY Slip Op 30751(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 653810/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LYLE E. FRANK</u>                    PART            11M

*Justice*

--------------------------------------------------------------------------------X

EMPIRE LLC,

                                        Plaintiff,

- v -

JOSEPH FTEHA, ROMA GOLD INC.,JOSEPH JACOB
JEWELERS LLC

                                Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653810/2025 |
| MOTION DATE | 10/27/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

Upon the foregoing documents, the motion is granted in part, and the cross-motion is granted in part.

**<u>Background</u>**

These motions for summary judgment arise out of a commercial landlord-tenant dispute. In March of 2024, Plaintiff and Roma Gold Inc. ("Tenant") entered into a lease for a jewelry room in an office building owned by Plaintiff. Concurrent with the lease, Joseph Fteha ("Guarantor") signed a personal guaranty. Mr. Fteha is also the sole officer and member of Tenant, which Plaintiff alleges was dissolved years prior to entering into the lease, as well as Joseph Jacob Jewelers LLC ("JJJ", collectively with Tenant and Guarantor the "Defendants"). Plaintiff also alleges that JJJ intermingled bank accounts with Tenant and exercised complete control and dominion over Tenant. In November of 2024, Plaintiff commenced an eviction proceeding in Civil Court seeking to recover possession and rent arrears. The proceeding was

653810/2025   EMPIRE LLC vs. FTEHA, JOSEPH ET AL
Motion No.  001

Page 1 of 5

[* 1]

resolved when Plaintiff and Tenant entered into a stipulation in which Tenant consented to the entry of a money judgment.

Plaintiff alleges that this money judgment has not been satisfied, and that Tenant impermissibly vacated the premises before the lease expiration. Plaintiff filed this present proceeding in June of 2025, seeking a money judgment against Defendants for the breaches of the lease, guaranty, and settlement agreement. Defendants answered, and Plaintiff now moves for summary judgment. Defendants oppose the motion, and cross-move for summary judgment.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In this motion, Plaintiff seeks for summary judgment in their favor and to amend the complaint to include all outstanding amounts alleged to be owed by Defendants. In support of their motion, Plaintiff has submitted copies of the various agreements, the rent ledger, and an affirmation from a member. Defendants oppose the motion, and cross-moves for summary judgment in their favor dismissing the complaint. Defendant's arguments in opposition are that

653810/2025   EMPIRE LLC vs. FTEHA, JOSEPH ET AL
Motion No.  001

Page 2 of 5

2 of 5

[* 2]

Plaintiff lacks standing due to a failure to comply with the LLC publishing requirements and that summary judgment would be premature at this time.

*LLC Publishing Requirements Issue Mooted*

Section 206 of the Limited Liability Company Law requires that an LLC publish certain information about the company in a newspaper once a week for six weeks. Failure to do so generally precludes an LLC from maintaining an action in any New York court until the requirement is complied with. *Barklee Realty Co. LLC v. Pataki*, 309 A.D.2d 310, 311 [1st Dept. 2003]. In reply, Plaintiff has provided evidence that they have now paid for the requisite publishing. The Court finds that the issue of compliance with Section 206 has now therefore been mooted. Even if Plaintiff had not so complied, outright dismissal of the case would have been improper. *See, e.g., Tri- Terminal Corp. v. CITC Industries, Inc.*, 78 A.D.2d 609, 609 [1st Dept. 1980] (holding that dismissal is not proper remedy for failure to comply with publishing requirements, but rather a conditional dismissal or stay is appropriate).

*Discovery Argument Insufficient to Oppose Summary Judgment*

Defendants also argue that as there has been no discovery here, summary judgment would be premature. They briefly argue that discovery might reveal information going to "whether landlord failed to satisfy its legal and contractual duties, which could have an impact on these defenses." They fail, however, to identify any specific or concrete area in which discovery could reveal material information. In opposing a motion for summary judgment, "bald conclusory assertions, even if believable, are not enough" and instead a party must "state their version of the facts in evidentiary form." *Ehrlich v. American Moninger Greenhouse Mfg. Corp.*, 26 N.Y.2d 255, 259 [1970]. Hopeful conclusory allegations that discovery may in some

653810/2025   EMPIRE LLC vs. FTEHA, JOSEPH ET AL                    Page 3 of 5
   Motion No.  001

3 of 5

[* 3]

unspecified way prove useful to a defense is not sufficient to oppose a summary judgment motion.

*There Are Material Issues of Fact Going to Corporate Veil-Piercing*

Plaintiff has moved for summary judgment against the defendant Joseph Jacob Jewelers LLC on a corporate veil-piercing theory. The complaint alleges, in a conclusory fashion, that JJJ is the alter ego of Tenant and that the corporate form was abused. It is alleged, upon information and belief, that JJJ and Tenant shared bank accounts and that JJJ paid rent on behalf of Tenant. Plaintiff provides no other evidence showing that the corporate form was abused. Defendant moves to dismiss the claims asserted against JJJ and offers a short affidavit from Mr. Fteha stating, also in a conclusory fashion, that JJJ and Tenant are separate businesses. The general rule is that "a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and 92) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Sutton 58 Assocs. LLC v. Pilevsky*, 1189 A.D.3d 726, 729 [1st Dept. 2020]. Ultimately, neither party has met their burden for summary judgment as regards JJJ. Both sides have simply submitted conclusory allegations to the effect that the corporate form was or was not abused. Because there are material issues of fact that go directly to JJJ's liability in this matter, granting summary judgment for either side would be improper. Plaintiff has, however, otherwise established a prima facie entitlement to summary judgment against Tenant and Guarantor, and Defendants have failed to meet their burden in opposition as to these parties for the reasons given above. Accordingly, it is hereby

ADJUDGED that the motion is granted in part; and it is further

653810/2025   EMPIRE LLC vs. FTEHA, JOSEPH ET AL
Motion No.  001

Page 4 of 5

[* 4]

ADJUDGED that the plaintiff is permitted to amend the complaint to conform to the evidence; and it is further

ORDERED that plaintiff Empire LLC is entitled to judgment against defendants Joseph Fteha and Roma Gold Inc. in the amount of $43,554.29; and it is further

ADJUDGED that the cross-motion is granted solely to the extent that it opposes granting summary judgment against defendant Joseph Jacob Jewelers LLC and it is otherwise denied; and it is further

ORDERED that an assessment of damages against defendants Joseph Fteha and Roma Gold as to attorney's fees is directed, which shall occur at the time of final resolution of this matter.

20260226132639LFRANK27338C24E9A4E41A2E4CA5D7E133DB5

| | |
|---|---|
| **2/26/2026** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653810/2025   EMPIRE LLC vs. FTEHA, JOSEPH ET AL
Motion No.  001

Page 5 of 5

5 of 5

[* 5]